EDMUND FLOOD *vs.* ALONZO RANDALL, and logs.

Washington. Opinion July 22, 1881.

*Lien. Attachment. Amendment. Name.*

An attachment to enforce a lien for wages, is lost by an amendment changing the christian name of the plaintiff from "Edward" to "Edmund."

ON EXCEPTIONS.

Assumpsit to enforce by attachment a lien on a certain mark, (called a double witness) of logs in St. Croix river, for seventy-two days' work hauling the logs. Writ dated October 28, 1878.

Charles F. Todd, the owner of the logs, appeared and pleaded general issue which was joined.

Subsequently the plaintiff on motion, was allowed to amend his writ by inserting Edmund instead of Edward in the plaintiff's name; thereupon the presiding judge ruled that the amendment dissolved the attachment. To this ruling the plaintiff excepted.

*George A. Curran*, for the plaintiff.

*E. B. Harvey*, for Charles F. Todd, the owner of the logs.

APPLETON, C. J. This was an action in the name of Edward Flood to enforce a lien claim for hauling logs described in the plaintiff's writ. After issue joined, the writ was amended by

inserting Edmund instead of Edward in the plaintiff's name. The presiding judge ruled that this dissolved the attachment, to which ruling, exceptions were taken.

We think the ruling correct. A lien given by statute for labor done on logs by A. B. is not the lien given for labor done on logs by C. B. though in each, the employer should be the same person. The lien attempted to be enforced by attachment, was for labor done by Edward Flood, not by Edmund Flood. The names are different, and are universally so recognized. The doctrine of *idem sonans*, is inapplicable.

In *Moulton* v. *Chapin*, 28 Maine, 505, it was held that an attachment was dissolved by amending the writ by inserting a co-plaintiff. In this case one plaintiff went out, and another came in, so far as regards the lien.

In *Dutton* v. *Simmons*, 65 Maine, 583, it was held, where the name in the writ was Henry *F.* Hawkins, and the certificate by the officer to the register of deeds was of an attachment of the real estate of Henry *M.* Hawkins, that the misdescription of the person, rendered the attachment void. Much more, then, would an attachment of Edward Flood's real estate, fail to hold that of Edmund Flood. It matters not whether the attachment relates to real or personal estate, or is to enforce a lien, or secure a debt, the same rule applies in each case.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.