### JENKS et al. v. RICHARDSON.

(Circuit Court, N. D. Ohio, E. D. October 12, 1895.)

1. ATTACHMENT—MOTION TO DISSOLVE.
   On a motion to dissolve an attachment the sufficiency of the petition as showing a cause of action on the part of plaintiffs cannot be considered.

2. SAME.
   A motion to discharge an attachment should be supported by an affidavit traversing the facts set out in the affidavit of plaintiff upon which the attachment was issued.

3. SAME—CIVIL ACTION.
   An action for money lost at gambling on defendant's premises, is a civil action for the recovery of money within the meaning of the attachment law of Ohio.

Action by Robert H. Jenks, Guy Gray, and others against Mark Richardson to recover money lost at gambling.

Parks & Parks and Boynton & Horr, for plaintiffs.
Johnson & Hackney, for defendant.

RICKS, District Judge. This case comes before the court upon a motion filed by the defendant, Mark Richardson, to discharge the attachment heretofore issued in this case against the property of the said Richardson. Ten reasons are assigned why this attachment should be dissolved. Many of those go to the sufficiency of the facts set forth in the petition to entitle the plaintiffs to maintain their cause of action, and it therefore becomes important, in the first place, to consider how far these 10 grounds for dissolving the attachment can be considered on such motion.

It is well settled in Ohio upon what grounds and in what sort of an action an attachment may issue. Section 5521, Rev. St., provides:

"In a civil action for the recovery of money, the plaintiff may at or after the commencement thereof have an attachment against the property of the defendant upon the grounds herein stated."

Then follow nine grounds upon which such attachments may issue, the first one of which is that the defendant is a nonresident of the state. Section 5522 of the same statutes provides:

"An order of attachment shall be made by the clerk of the court in which the action is brought in any case mentioned in the preceding section when there is filed in his office an affidavit of the plaintiff, his agent or attorneys, showing, first, the nature of the plaintiff's claim; second, that it is just; third, the amount which the affiant believes the plaintiff ought to recover; fourth, the existence of one of the grounds for an attachment enumerated in the preceding section."

Now, it is well settled in Ohio that an affidavit and order of attachment form no part of the pleadings in an action, and the grounds for

an attachment should not be stated in the petition. Harrison v. King, 9 Ohio St. 388. It is further well settled that a demurrer to the declaration does not reach to the question of the propriety of the attachment, and this is probably the correct doctrine, though the attachment would fall with a case dismissed on demurrer to the petition sustained. Wade, Attachm. par. 290. The same law would apply to any motion which was directed to the sufficiency of the petition, as showing that the plaintiffs had a just cause of action.

Counsel for the defendant has presented a very able and exhaustive brief, most of which relates to the sufficiency of the petition as showing the cause of action on behalf of the plaintiffs. But, as before stated, it is well settled under the law of Ohio that these grounds for the dissolution of attachment cannot be considered upon a simple motion to dissolve. The affidavit upon which the alias order of attachment which was levied upon the property of the defendant, Mark Richardson, was issued, in substance stated that a suit had been brought against the defendants by the plaintiffs to recover money which belonged to them, lost at gambling, and paid to the defendants by John C. Campbell, cashier and trusted agent of the plaintiffs, after he had taken same from plaintiffs' cash drawer, and funds intrusted to him; that said claims are just, and that plaintiffs ought to recover $7,600; and that the defendant, Mark Richardson, is a nonresident of the state of Ohio. A motion to discharge this attachment should be supported by an affidavit traversing the facts set out in the affidavit of the plaintiffs upon which the attachment was issued. But the traverse can relate only to so much of said affidavit as purported to recite the statutory reasons why the attachment should issue. We can, therefore, look to this affidavit only so far as it denies that a civil action for the recovery of money was instituted by the plaintiffs, the nature of the plaintiffs' claim, that it is just, the amount which affiant believes plaintiffs ought to recover, and the existence of any one of the grounds for attachment enumerated in section 5521.

The only ground alleged upon which the plaintiffs claimed their attachment was the nonresidence of the defendant, Mark Richardson. This he not only does not deny in his traverse to the plaintiffs' affidavit, but admits it. The only remaining question, therefore, to which the traverse can go, is whether the plaintiffs' action was a civil action for the recovery of money. The petition alleges that Campbell was in the employ of the plaintiffs; that while in their employ, as their trusted agent and cashier, handling all their money, he unlawfully appropriated a large sum of money belonging to them, at various times set out in their petition; that this money, belonging to the plaintiffs, so unlawfully appropriated by him, he lost in gambling to the defendants, Lawrence J. Washington and Sarah E. Washington, in gambling rooms kept by them, which belonged to the defendant, Mark Richardson; that the said defendant well knew that said rooms were being used for gambling, and that he failed to take steps to recover the possession of his premises, and to prevent such use. Is this a civil action for the recovery of money only? It is immaterial to consider whether this suit is brought under the statute of Ohio or under the common-law right to reclaim this money as money

had and received by the defendants. It is well settled by the English authorities that money lost to the defendants by gambling or by a lottery can be recovered by the loser in an action of assumpsit for money had and received. Clarke v. Johnson, Lofft, 759. This English doctrine was affirmed in the case of Mason v. Waite, 17 Mass. 560; in the case of Burnham v. Fisher, 25 Vt. 514; and in the case of Caussidiere v. Beers, *41 N. Y. 198. In the latter case the court say:

"Where a clerk to whom moneys of his employer have been intrusted used and lost the same at a gambling house, held, that an action for money had and received could be maintained by the employer of such clerk against the proprietor of the gambling house where such moneys were lost."

The statutes of Ohio (section 4276) provide that the person who leases premises for gambling, knowingly permits them to be used, and fails to prosecute in good faith an action for the recovery of the premises, shall be considered in all cases, civil and criminal, as the principal. It is contended on behalf of counsel for the plaintiffs that this action can, therefore, be maintained both against the proprietor of the gaming house, who occupied the same as tenant, and against the landlord, who knew the unlawful purposes for which the premises were being used. But it is not necessary to determine the correctness of this proposition in disposing of this motion. The action, as it stands upon its face, is a civil action for the recovery of money. The affidavit upon which the attachment was issued makes averments sufficient to show that, and the nonresidence of the defendant, Mark Richardson, is conceded. These, in my judgment, are the only two questions that are reached by this motion. The other matters traversed in defendant's affidavit relate to the sufficiency of the petition, and can only be disposed of on demurrer or other motion provided by statute. There is a good reason for observing this practice. The relief afforded to the defendant by a motion to discharge the attachment is intended to be a summary one. If the defendant's property has been incumbered by an attachment improperly or improvidently allowed, the burden upon him is often very great, and causes great embarrassment. The statute intends to afford such defendants a speedy method by which such burden can be removed. It makes this proceeding as simple as possible, and directs the issues solely to the grounds upon which the attachment was issued, leaving the questions of the sufficiency of the petition, as showing the plaintiff's right to recover on the merits, to be disposed of by more deliberate proceedings. One of these grounds, however, which refers to the misdescription of the plaintiffs in the original, amended, and second amended petitions, is closely related to the issue presented by this motion to dissolve, and I am disposed to consider it now. I have examined the averments of the several petitions very carefully, and find that it is very plain that, by whatever name they are described, either as a firm or a corporation, the identical same individuals in all three petitions are named as constituting the real parties in interest, who owned the money lost at gaming. The law is well settled to be as follows: Wade, Attachm. (volume 1, par. 49), says:

"There is no reason why corporations may not be plaintiffs in attachment suits under their general corporate power to sue. The authority conferred

upon them by statute, unless specially restricted, is intended to clothe them with the powers possessed by natural persons. If they may bring an ordinary action, they may avail themselves of the aid of any statutory process which the law affords. The only question that has been raised in this respect is whether they are affected by such statutory requirements as to the making of the preliminary affidavit or other precedent act which seemed to exclude agents or representatives from the class of those qualified to perform such acts; it being argued that, if the affidavit must be made by plaintiff, a corporation cannot comply with this requirement, for the reason that it can act only through representatives. However, there seems no good reason to doubt but that they may do all that is required of a plaintiff in person by the officers who represent the corporation. They are not cut off from the advantages of a process of attachment merely because there is a failure in the statute to provide for compliance with these preliminaries by officers and agents."

The same author, in paragraph 48, says:

"The only universal condition to the bringing of a suit in attachment, so far as parties plaintiff are concerned, is that it shall be brought by a creditor of defendant. Even where the action is limited to causes arising on contract, it is not deemed essential that it should be a contract between the immediate parties, provided the indebtedness is against the defendant and in favor of the plaintiff at the time. * * * The rule that plaintiffs shall be the real parties in interest, with all its qualifications as to trustees of express trusts, prevails in attachment suits as in other civil actions. One who has the right to recover the debt may have the benefit of the process of attachment in aid of his suit. Where there are several interested as plaintiffs, their names should appear with reasonable certainty. It is not, in general, sufficient that the firm name of the copartnership is inserted in the papers as plaintiff; but this irregularity is held to be remediable by amendment."

In the case of Flood v. Randall, in 72 Me. 439, which is cited in support of the proposition that an amendment to plaintiff's name dissolves the attachment, the action was brought in the name of Edward Flood to enforce a lien claimed for hauling logs described in plaintiff's writ. After issue joined, the writ was amended by inserting "Edmund" instead of "Edward" in plaintiff's name. The presiding judge ruled that this dissolved the attachment. The court affirmed this, and say in their opinion:

"A lien given by the statute for labor done on logs by A. B. is not the lien given for labor done on logs by C. B."

From the facts stated in the case, it does not appear whether Edmund Flood and Edward Flood were one and the same person, but from the principle deduced in the quotation above referred to it would appear that they were different persons. Should this be true, there can be no question about the correctness of the decision.

In the case of Barber v. Smith, 41 Mich. 138, 1 N. W. 992, the supreme court of Michigan decided that:

"Attachment proceedings in favor of persons whose surnames only are given in the writ, but who are otherwise identified, are not void, but may be amended, and the full names may be inserted, by leave of court."

For these reasons, the motion to dissolve the attachment is denied.

In reference to the tenth clause of the motion to discharge the attachment, counsel for the defendant insists that, because the plaintiffs have not filed affidavits in reply to the traverse of the defendant, Richardson, the motion to discharge must be sustained. But it must be remembered that the only two grounds upon which this

motion can now be considered are, as I have before stated: First, the allegations of the petition as to whether it is a civil action for the recovery of money; and, second, the nonresidence of the defendant, Richardson. It is not necessary for the plaintiffs to traverse either of these facts, because the latter is admitted, and the former sufficiently appears as a matter of law upon the face of the petition.

I find on file in this case a motion to discharge the attachment because, "since the filing of the second amended petition herein, the plaintiffs filed a motion for and obtained leave of the court to file an amended petition, and have failed to comply with said leave of court by filing such amended petition, but, on the contrary, have abandoned this cause, and no longer seek to prosecute the same." I have examined the record sent up from the court of common pleas, and do not find in it any such leave to plaintiffs to file an amended petition. The record shows the filing of their second amended petition, but shows no leave to file a subsequent one. Even if such leave were granted, and the petition was not filed, it would, in my judgment, leave the case with the second amended petition as in full force and effect. This motion is therefore denied.