A. E. ALTHOF, APPELLANT, *v.* MAX CONHEIM AND ELISE CONHEIM (his wife), RESPONDENTS.

HUSBAND AND WIFE—WIFE AS PARTY TO A SUIT.—The wife is an improper party to a suit brought to recover money loaned to her to complete the amount of purchase money for a lot of ground, the deed to which was executed to her, but which became common property, and which purchase was afterwards ratified by the husband.

IDEM—RATIFICATION BY HUSBAND OF THE CONTRACTS BY THE WIFE.—The husband ratifies and adopts the act of his wife, who borrows money to purchase a lot of ground—taking the deed in her own name—by using and occupying the ground, by selling a portion of it and applying the proceeds to his own use; and is responsible for the re-payment of the money so borrowed.

COMMON PROPERTY.—Unless the contrary appears, the presumption is that all property acquired during the coverture is common property.

PRACTICE—DEMURRER.—The prayer of a complaint is not subject of demurrer.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The defendants demurred to plaintiff's complaint, on the ground that it did not set forth facts sufficient to constitute a cause of action.

The wife demurred on the further ground, that she was improperly made a party to the suit. The demurrers were sustained, and the plaintiff declining to amend his complaint, final judgment was thereupon rendered for the defendants. From which order and judgment the plaintiff appealed.

The case is stated in the opinion.

*P. G. Buchan,* for Appellant.

The facts admitted by the demurrers are these: Conheim, who never was in this State before this transaction, sends his wife here, or permits her to come here, and she was here for a long time prior to the arrival of her husband in the

State ; she carried on business here in her own name, buying and selling real estate, and taking the titles in her own name. She borrows $520 of plaintiff, to complete a certain purchase of real estate that she made, and this money was paid towards the purchase money, and she took a conveyance in her own name before her husband arrived. Although the conveyance was in her own name, yet, being for a money consideration, it became the common property of husband and wife. After this the husband arrived, and then *he and his wife took possession of this piece of property, and they sold off a portion of it.* "He joined with his wife in the sale, and received with her the consideration paid for the conveyance." And on the sale of this portion of the premises, they received an amount of money nearly equal to the purchase money paid for the whole—$4,125—and far exceeding the amount loaned by plaintiff to make the purchase. And as to the residue of the real estate, they use, enjoy and occupy it together. So far as these acts on the part of Conheim are concerned, they are a recognition by him of his wife's authority to make the purchase, and of all her doings in reference to it. She acquires for him, and he recognizes her agency in thus acquiring the property, by he himself selling the property thus acquired. Her acts in that respect become by this adoption his, and the debt which she incurred in acquiring the property becomes a debt due by him, in the same manner as if he himself had borrowed the money from the plaintiff for making this purchase. In consequence of this recognition, we are entitled clearly, to say the least, to a judgment against Max Conheim, on the facts stated in the complaint, for the money furnished his wife to make the purchase, and whose acts in reference thereto he thus recognizes and confirms. (1 Parsons on Bills and Promissory Notes, 80, 81, and cases there cited.)

*Smith & Rosenbaum,* for Respondents.

As to defendant, Elise Conheim, it is admitted in the complaint that she is a *femme covort.* That being the case, she cannot make a contract that will bind her personally, nor one that will bind her separate property, except in the man-

ner pointed out by statute. (*McLay* v. *Love and Wife*; 25 Cal. 367; *Smith* v. *Greer*, 31 Cal. 477.)

As to defendant, Max Conheim, we contend that there is no averment in the complaint showing a cause of action against him. There is no averment that the money was lent to the wife on the credit of the husband, or on his account. It is not alleged that the husband ratified the contract, either in express terms or by implication. It is not alleged that the money lent was used for the purchase of necessaries. Promise to pay by defendant, Max Conheim, is not averred, nor is it assumed that defendant, Elise Conheim, acted as his agent.

On the contrary, it is shown in the complaint that credit was soley given to the wife; that defendant, Max Conheim, was ignorant of the loan; that when advised of it, he repudiated the contract.

"The husband at *law* is only liable for necessaries, and not for money lent. In *equity*, if the circumstances be such as would render him liable for the necessaries purchased *therewith*, he will be liable for money borrowed for such purpose, provided it be so applied, and not otherwise." (Story on Contracts. Sec. 97, *a.*) As to the liability of the husband where the articles supplied the wife are not necessaries.

Here, there is no legal obligation growing out of the marital relation, and the contracts of the wife bind the husband only on the ground of her implied authority as his agent. And in such case, the presumption of law is, that the husband did not authorize or assent to her contract. (*Ib.* Secs. 99, 101 and 103.)

CROCKETT, J., delivered the opinion of the Court:

The only point on this appeal is whether or not the demurrer to the complaint was properly sustained. It appears from the complaint that the defendants are husband and wife; that the wife resided in San Francisco and carried on business in her own name, whilst the husband resided in another State; that the wife, desiring to purchase a lot in Oakland, borrowed of the plaintiff $520 in gold coin to enable

her to make the purchase, and which was actually paid as part of the purchase money; that she took the deed in her own name; that the husband afterwards arrived in this State, and he and his wife took possession of the lot and have resided on it as their home; that they have since sold a portion of the lot and yet retain the balance of it; that for the portion so sold they received a sum nearly equal to the original purchase money for the whole, and greatly exceeding the amount loaned by the plaintiff; that the husband and wife united in the sale and conveyance, and in the receipt of the purchase money, and are now in the joint use and enjoyment of it. The prayer is for a judgment against both, for the amount loaned, with interest, and that it be declared a lien on that portion of the lot which remains unsold.

It is evident there can be no personal judgment against the wife. (*Maclay* v. *Love and Wife*, 25 Cal. 367; *Smith* v. *Greer*, 31 Cal. 477; *Brown* v. *Orr*, 29 Cal. 120.)

The complaint does not aver that the purchase money paid by the wife, exclusive of the $520 loaned by the plaintiff, was of her separate estate; and, in the absence of such an averment, the presumption is it was common property. On acquiring the title to the lot, therefore, it became the common property of the husband and wife, and was subject to the disposition of the husband alone. The wife, therefore, was not a proper party to the action, and her demurrer was properly sustained.

But the demurrer of the husband ought to have been overruled. If the wife had no previous authority from the husband to contract the debt to the plaintiff, he adopted and ratified the transaction by using and occupying the lot, selling a portion of it, and appropriating the proceeds to his own use. Whilst dealing with the property as his own, which was in part paid for with the plaintiff's money, borrowed by the wife for that purpose, the law will presume either that the wife had authority to contract the loan, or that the husband has since ratified the transaction and agreed to be bound by it. He will not be allowed to say that he ratifies so much of it as inures to his advantage, by accepting

the benefit of a purchase made by his wife partly with the plaintiff's money, but repudiates so much of it as requires the sum advanced by the plaintiff to be refunded. He must take the transaction *cum onere*, if he adopts it at all. In ratifying the purchase by his wife, he ratifies her engagement to the plaintiff as well, and in adopting one he adopts the other. He also demurs specifically to so much of the complaint as prays that the amount due to the plaintiff be decreed to be a lien on the lot, and for a judgment in gold coin. But it is well settled in this Court that the prayer of a complaint is not the subject of demurrer. (*Rollins* v. *Forbes*, 10 Cal. 299 ; *People* v. *Morrill*, 26 Cal. 336.)

Judgment reversed as to the defendant, Max Conheim, with an order to the District Court to overrule his demurrer to the complaint, and allow him to answer on the usual terms. Judgment affirmed as to the defendant, Elise Conheim, and the entire costs of this appeal to be paid by the defendant, Max Conheim.

SPRAGUE, J., dissented.