ENOS A. HIATT v. DAVID M. PARKER, *et al.*

1. INSTRUMENT, *Held to be a Mortgage.* The plaintiff set forth in his petition, among other things, that he owned a piece of land; that he conveyed the same to the defendant, upon consideration that the defendant should keep and take care of him during his natural life and give him a decent burial at his death; and that in pursuance thereof, and as a part of the same transaction, the defendant executed to the plaintiff an instrument in writing, denominated in the instrument itself a mortgage, and purporting to reconvey the premises to the plaintiff, which instrument embodied the contract between the parties. And the petition further stated that the defendant utterly failed and refused to perform his part of the contract, or any portion thereof, as set forth in said instrument. *Held,* That the instrument is a mortgage, and that the facts stated in the plaintiff's petition constitute a cause of action for the foreclosure of such mortgage.

2. PRAYER *for Alternative Relief; Demurrer.* The plaintiff prayed in his petition for a decree that the said contract and instrument be set aside and canceled, and the plaintiff reinvested with the absolute title to said land; or, if that could not be done, then that the said instrument be foreclosed as a mortgage, etc.: *Held,* That such prayer for alternative relief does not render the facts stated in the petition so insufficient as to subject the petition to a demurrer interposed upon the ground that the petition does not state facts sufficient to constitute a cause of action; and *further held,* that a prayer for relief in the alternative is generally permissible in equity, where the plaintiff has doubts as to how much relief or what kind of relief he is entitled to.

3. DEFECTIVE PRAYER; *Amount, Not Stated; Demurrer.* Where a portion of the relief prayed for in the plaintiff's petition is for a money judgment, but the plaintiff does not state the amount for which he asks judgment, *held,* that this failure to state the amount for which the plaintiff asks judgment does not of itself and alone render the petition so insufficient as to subject the same to a demurrer interposed upon the ground that the petition does not state facts sufficient to constitute a cause of action.

### Error from Lyon District Court.

AT the September Term, 1881, of the district court, defendants *Parker* and two others had judgment against plaintiff *Hiatt,* who brings the case to this court. The opinion states the nature of the action, and the facts.

*Almerin Gillett,* for plaintiff in error.

*Peyton, Sanders & Peyton,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of a suit in equity, brought by Enos A. Hiatt against David M. Parker, Olive C. Parker and Alexander P. Martin, for the purpose of having certain instruments in writing set aside and canceled, and of reinvesting the plaintiff with the title to certain land which he had formerly owned; or, if that could not be done, then of having one of the instruments considered as a mortgage, and having the same foreclosed. The facts of the case as set forth in the plaintiff's petition are briefly as follows: On January 31, 1876, the plaintiff Enos A. Hiatt owned the real estate hereinafter described. On

that day the plaintiff and the defendants, the Parkers, entered into a contract in pursuance of which the plaintiff conveyed said real estate by an absolute deed of conveyance to David M. Parker, and in consideration therefor, and as a part of the same transaction, David M. Parker and his wife Olive C. Parker executed the following instrument, to wit:

"This indenture, made this 31st day of January, 1876, by David M. Parker and Olive C. Parker, parties of the first part, and Enos Hiatt, party of the second part, witnesseth:

"That whereas the party of the second part this day deeded to said David M. Parker the following-described real estate in Lyon county, Kansas, to wit, the west half of the northwest quarter of section twenty (20), township nineteen (19), range eleven (11), under the following agreement: That the said David M. Parker take, keep and care for said Enos Hiatt during his natural life, and shall do this well, furnishing him with necessary rooms, bedding, board, clothing and washing, and in case of sickness, medicine and medical attendance, and at death give him a decent burial:

"Now this instrument hereby reconveys to the said Enos Hiatt the above-described real estate as security for the performance of said contract; and the said David M. Parker and his wife, the said Olive C. Parker, do hereby mortgage to the said Hiatt the said described tract of land.

"But should the said agreement be faithfully fulfilled by said David M. Parker, then this instrument shall be of no effect and void; otherwise, to be in full force and effect.

"Witness our hands, this 31st day of January, 1876.

D. M. PARKER.<br>OLIVE C. PARKER."

This instrument was duly acknowledged and recorded. This property was at the time highly cultivated, and contained a good house, a well, an orchard, barns, sheds, was well fenced, and was of the value of over $2,500. Parker and wife immediately took possession of the property and have been in the possession of the same ever since, enjoying all the rents, issues and profits thereof, which were of the value of more than $250 per year. The Parkers have utterly failed and refused to perform their part of the contract, or any portion thereof, as

embodied in the foregoing instrument. Some time after executing this instrument, Parker and wife executed a mortgage of the premises to the defendant, Alexander P. Martin. This mortgage the plaintiff prays may be adjudged to be inferior to and void as against the plaintiff's rights.

The plaintiff further prays, as follows:

"Plaintiff therefore prays the court to decree the said contract rescinded, broken, null, void, and of no effect, and that the title conveyed by said deed may be adjudged reinvested in this plaintiff, free and clear from any and all claims of the defendants, or any or either of them. . . .

"Or, if the court shall consider said instrument a mortgage, that it will order an accounting of what plaintiff ought to have received in the premises, and adjudge the same a first lien on the premises, and decree a foreclosure thereof, directing sale if amount not paid when required as decreed, and for costs, and for such other and further relief as may be equitable."

The defendants, the Parkers, moved the court to require the plaintiff to elect as to which relief asked for in the plaintiff's petition he would take, which motion the court overruled, and the Parkers duly excepted. The Parkers also moved the court to require the plaintiff to separately state and number the different causes of action set forth in his petition, which motion the court overruled, to which ruling the Parkers duly excepted. The defendants, the Parkers and Martin, then demurred to the plaintiff's petition, on the ground that the same did not state facts sufficient to constitute a cause of action, which demurrer the court sustained, to which ruling the plaintiff duly excepted. The plaintiff now brings the case to this court, and asks that the order and judgment of the district court, sustaining the defendant's demurrer to his petition, be reversed. The plaintiff, of course, does not complain of the rulings of the court below upon the motions made by the Parkers, for such rulings were in his favor, and not against him. And the defendants are not in a condition to complain of such rulings, for the final order and judgment rendered in the court

below were in their favor, and not against them; and neither have they filed any petition in error, or cross-petition in error, in this court, nor have they, under the circumstances, any right to ask that we shall consider such rulings, unless they suppose the rulings are in some manner connected with or might affect the decision on the demurrer.

We think it will appear, however, in the discussion of the main question in the case, that each of the rulings is independent of the others, and that the rulings on the motions can have no possible effect upon the rulings on the demurrer. The principal grounds of complaint on the part of the defendants are with reference to the prayer of the petition, and not with reference to the specific facts stated, which are supposed to constitute the plaintiff's cause of action. We do not understand the defendants to claim that the specific facts which are set forth in the plaintiff's petition as the foundation for his cause of action are not in and of themselves "well pleaded," but it is claimed merely that the plaintiff asked in the prayer of his petition for different kinds of relief, and for relief which can never be granted in one single action, but can only be granted, if ever granted, in separate and distinct actions. Now it must be remembered that the defendants do not demur to the plaintiff's prayer for relief, but only to his cause of action, and that the prayer for relief and the cause of action are entirely separate and distinct things. Section 87 of the civil code provides that "the petition must contain: *First,* The name of the court and the county in which the action is brought, and the names of the parties plaintiff and defendant, followed by the word 'petition;' *second,* a statement of the facts constituting *the cause of action* in ordinary and concise language, and without repetition; *third,* a demand of the relief to which the party supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated; and if interest thereon be claimed, the time from which interest is to be computed shall also be stated." Section 89 of the civil code provides, among other things,

49—29 KAS.

that "the defendant may demur to the petition only when it appears on its face either: . . . . *Sixth,* That the petition does not state facts sufficient to constitute a cause of action." No authority is anywhere given to demur to the relief prayed for in the plaintiff's petition; nor do the statutes in this case provide, as the statutes of some of the other states do, that the defendants may demur to the plaintiff's petition or complaint, when the facts alleged therein show that the plaintiff *is not entitled to the relief demanded;* nor have the defendants in this case demurred to the relief prayed for, but have demurred only to the *facts alleged as constituting the plaintiff's cause of action.* It would seem then that the only question to be considered in this case is, whether the facts set forth and alleged in plaintiff's petition, and supposed by him to constitute a cause of action, do in fact constitute a cause of action; for, as before stated, we do not understand that the defendants claim that the *facts* as alleged in the plaintiff's petition, and aside from the prayer for relief, are not "well pleaded."

We might say further, that we do not think the question presented in this case is merely whether the petition states facts sufficient to constitute a cause of action in ejectment, or to quiet the plaintiff's title, or to set aside a deed, or for any other specific relief; but it is simply whether the petition states facts sufficient to constitute a cause of action of any kind. We think the petition states facts sufficient to constitute a cause of action. It is probably true that the petition does not state facts sufficient to authorize the relief asked for in the first portion of the plaintiff's prayer for relief, but we think it states facts sufficient to authorize the relief asked for in the last portion of such prayer — that is, we think the facts set forth in the petition will authorize a judgment declaring the instrument executed by the Parkers to be a mortgage, and that such mortgage shall be considered as a first lien upon the property in controversy, and that the Parkers have committed a breach of their mortgage, and that the same shall be

foreclosed, etc. The fact that the plaintiff asked for more relief than he was entitled to, and asked for more relief in the alternative, we think does not render the petition insufficient as stating a cause of action. Parties generally ask for more relief than they are entitled to, and often ask for relief in the alternative. This is generally permissible in equity, where the plaintiff has doubts as to how much relief or what kind of relief he is entitled to. (1 Daniell's Chancery, 384.) The plaintiff's prayer for relief is defective, however, in one particular: he asks in part for a money judgment, but does not state the amount for which he asks judgment. To this extent the prayer for relief is defective, and should be amended. But we do not think that this defect in the prayer for relief would render that portion of the petition which sets forth the facts constituting the plaintiff's cause of action so defective that we could say that no cause of action is stated in the petition.

As before stated, the prayer for relief is no portion of the cause of action. With reference to this matter, see not only §§ 87 and 89 of the civil code, but also Pomeroy's Remedies and Remedial Rights, §§ 454 to 461, especially §§ 454, 457, 461, and § 580. Also, with reference to this same matter, and as to what constitutes a cause of action, see *Scarborough v. Smith*, 18 Kas. 405–407; with reference to what constitutes a mortgage, see *Moore v. Wade*, 8 Kas. 381, 388, *et seq.*, and cases there cited. The failure on the part of the plaintiff to state an amount for which he claims judgment might become material, if he should not amend his petition in this respect. (*Green v. Dunn*, 5 Kas. 254; *Shepard v. Pratt*, 16 Kas. 210.

The case of *Stewart v. Balderston*, 10 Kas. 131, has no application to this case, for in that it was held that the facts stated in the plaintiffs' petition as constituting their various causes of action were not "well pleaded." It cannot be so held in this case. In this there was no attempt to state more than one cause of action, and that was properly stated, and the facts set forth as constituting the same were "well pleaded,"

and the only defect or informality was in the relief prayed for.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.