[No. 11587.   Department Two. — September 21, 1886.]

JOHN B. BAILEY, ROAD OVERSEER, ETC., APPELLANT, *v.* BERT DALE ET AL., RESPONDENTS.

OBSTRUCTION OF PUBLIC HIGHWAY — ABATEMENT OF — ACTION TO RECOVER PENALTY — JOINDER OF CAUSES OF ACTION — ROAD OVERSEER MAY BRING ACTION. — Under section 2743 of the Political Code, as amended in 1883, a cause of action to abate a nuisance caused by the obstruction of a public highway, and a cause of action to recover the penalty of ten dollars a day for every day the nuisance remained after notice to remove it, may be united in the same action. Such an action is properly brought in the name of the road overseer, and any money collected by him on the judgment therein will belong to the road district.

ID. — PRAYER FOR EXEMPLARY DAMAGES — DEMURRER. — The complaint in such an action is not demurrable because exemplary damages for unlawfully and maliciously maintaining the nuisance are prayed for, if no facts are stated showing that the plaintiff is entitled to damages for that cause.

ID. — DESCRIPTION OF HIGHWAY. — The complaint described the road alleged to be obstructed as a public highway, duly laid out and situated in road district number 3, in the county of Stanislaus, state of California, and being "a stip of land sixty-six feet wide, adjoining, parallel to, and lying alongside, on the north and east, of the right of way of the Central Pacific Railroad Company, and extending from a point opposite to and sixty-six feet from the center of section 33, in township 2 south, range 8 east, Mount Diablo meridian, to the left bank of the Stanislaus River, to a post formerly standing on the northeastern line of said road, and south 87° east, 2.20 chains from the pier of the railroad bridge. A line running from said post south $42\frac{1}{2}$° east, and parallel to said railroad, being the northeastern boundary of said road; the said road being on the route leading from the city of Modesto to Stanislaus River." *Held*, that the description of the road was sufficient.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The facts are stated in the head-notes and opinion.

*Schell & Bond*, for Appellant.

The action was properly brought in the name of the road overseer. (*San Benito Co.* v. *Whitesides*, 51 Cal. 416; Hawes's Parties to Actions, sec. 47.) The complaint did not improperly join different causes of action. (Pol. Code, sec. 2734.)

*Wright & Hazen*, for Respondents.

The action should have been brought in the name of the county. (Code Civ. Proc., secs. 367, 369.) Several causes of action were improperly united in the complaint. (*White* v. *Cox*, 46 Cal. 169; Code Civ. Proc., sec. 427.)

BELCHER, C. C. — This action was brought by the plaintiff as road overseer of a road district in Stanislaus County, to abate a nuisance caused by the obstruction of a public highway in his district, and to recover the sum

of ten dollars for every day the nuisance remained after notice to remove it.

The defendants demurred to the complaint, upon the ground,—1. That the action was improperly brought in the name of the road overseer; 2. That the complaint was ambiguous and uncertain in the description of the alleged highway; and 3. That several causes of action were improperly united, and not separately stated; viz., one to abate a nuisance, another to recover a statutory penalty, and another to recover damages for a willful and malicious injury.

The court below sustained the demurrer, and the plaintiff declining to amend, judgment was entered in favor of the defendants, from which the plaintiff appealed.

The action was brought under the supposed authority of section 2734 of the Political Code, as amended in 1883, which reads as follows: "If the encroachment is denied, and the owner, occupant, or person controlling the matter or thing charged with being an encroachment refuses either to remove or permit the removal thereof, the road overseer must commence in the proper court an action to abate the same as a nuisance; and if he recovers judgment, he may, in addition to having the same abated, recover ten dollars for every day such nuisance remained after notice, and also his costs in said action."

The respondents insist that said action should have been in the name of the county, and in support of this position cite section 2743 of the same code. That section reads:—

"All penalties or forfeitures given in this chapter, and not otherwise provided for, must be recovered by the road overseer or commissioners of the respective road districts by suit in the name of the county in which said road district is situated, and be paid into the road fund of his district."

In *San Benito County* v. *Whitesides*, 51 Cal. 416, the same question was involved, and the court there said: —

"The action is by the county to abate a nuisance, caused by the obstruction of a public highway, and was commenced in March, 1875. We have been referred to no provision of the statute, nor to any rule of law which authorizes an action of this character in the name of or on behalf of a county. On the contrary, it would appear from section 2746 of the Political Code, as amended in 1873–74, that the action must be in the name of the road overseer; we think the action in the name of the county cannot be supported."

Section 2746, upon which the decision is rested, read then precisely as section 2734, above quoted, now reads. It is true, the case did not involve the ten-dollar penalty; but it is clear that if the plaintiff here can maintain the action to abate the nuisance in his own name, he may, if he recovers judgment, also "recover ten dollars for every day such nuisance remained after notice."

Section 2743 relates to penalties and forfeitures "not otherwise provided for," and does not affect the question. The point that the highway is not described in the complaint with sufficient certainty is not well taken. There can be no difficulty in locating the road and in determining the exact position of the alleged obstruction.

So the objection that three causes of action are improperly united cannot, we think, be maintained. The complaint prays for a judgment "for exemplary damages in the sum of five thousand dollars, for the unlawful and malicious maintenance of said nuisance"; but no facts are stated showing that the plaintiff is entitled to recover that sum, or any sum, for the cause named. The prayer is bad, but a demurrer does not lie to that. (*Rollins* v. *Forbes*, 10 Cal. 299; *Althof* v. *Conheim*, 38 Cal. 234.)

The facts showing that the defendants have become

liable to pay the ten-dollar penalty for not removing the obstruction are separately stated, and that cause of action is properly united with the one to abate the nuisance.

There is nothing in the suggestion that if the plaintiff recovers, the money collected will belong to him. As he sues in the performance of his official duties, any money collected on the judgment will belong to the road district of which he is overseer.

It follows that the judgment should be reversed and cause remanded, with directions to the court below to overrule the demurrer.

FOOTE, C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded, with directions to the court below to overrule the demurrer.