[No. 11623. Department Two.—July 2, 1889.]

JOHN HAMMOND, RESPONDENT, *v.* A. M. STARR ET AL., APPELLANTS.

ATTACHMENT—PLEADING—MISNOMER OF CORPORATION—WAIVER.—The omission in a complaint and proceedings upon attachment against a corporation defendant of the word "company" from its corporate name does not affect the attachment lien, and the error is waived by an appearance and answer of the corporation in its true name without objection.

ID.—AMENDMENT OF COMPLAINT—CHANGE OF CAUSE OF ACTIONS—COLLATERAL ATTACK.—A defective complaint in an attachment suit may be amended without affecting the attachment lien; and an objection that the amendment stated a different cause of action from that declared on in the original complaint cannot be urged for the first time in a collateral suit on a bond given for release of the attachment.

ID. — ACTION ON BOND FOR RELEASE OF ATTACHMENT — DEMAND — RETURN
OF SHERIFF. — The sheriff's return upon execution showing a demand
upon the officers of the defendant corporation for payment of the amount
named in the execution, and an answer by them that no money or prop-
erty of the corporation is in their possession, and showing the execu-
tion unsatisfied, shows a sufficient demand for redelivery of the attached
property to sustain an action upon a bond given for its release, after
notice by the plaintiff to the sureties of non-delivery of the attached
property, and demand of payment from them of the amount fixed in the
undertaking.

ID. — MEASURE OF DAMAGES. — In an action upon a bond given for release of
attached property, the measure of damages is the value of the property
released, not exceeding the amount recovered in the attachment suit,
with statutory interest thereon until the date of judgment in the action
upon the bond.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion.

*E. W. McGraw,* and *R. Percy Wright,* for Appellants.

*John C. Hall,* for Respondent.

GIBSON, C. — This was an action against defendants as
sureties upon an undertaking to obtain the release of an
attachment levied in another suit, and was tried before
the court without a jury, and resulted in a judgment for
plaintiff, from which judgment defendants appeal, and
instead of moving for a new trial, bring up the evidence,
rulings, and exceptions in a bill of exceptions.

In the action wherein the attachment proceedings oc-
curred, it appears the original complaint therein was
entitled *John Hammond* v. *Ætna Iron Works, a Corpora-
tion,* and the affidavit and undertaking for an attach-
ment were entitled the same. The defendant thus
designated appeared in and by its true name, viz., Ætna
Iron Works Company, and demurred to the complaint.
This demurrer was sustained, and pursuant to leave ob-
tained, plaintiff filed an amended complaint, entitled the
same as the original complaint, to which defendant again

demurred by its true corporate name, which demurrer was overruled. Two answers were then put in, one by the Ætna Iron Works, averring that said Ætna Iron Works was a private copartnership, and denying the corporate existence of defendant; the other by the Ætna Iron Works Company, averring its corporate capacity, and denying that the Ætna Iron Works ever was a corporation or anything other than a private copartnership. Thereafter, the plaintiff served on the attorney who had appeared as the attorney for the Ætna Iron Works Company, and filed a second amended complaint, in the title of which the defendant was designated as the Ætna Iron Works Company, a corporation. For failing to answer this last amended complaint, judgment was rendered in favor of plaintiff against the Ætna Iron Works Company, a corporation. The day after, the Ætna Iron Works Company appeared and demurred to the original complaint; it made its motion in its true corporate name for a release of the attachment levy, under the provisions of sections 554 and 555 of the Code of Civil Procedure, which motion was granted, and the undertaking sued on in this action given pursuant to said sections.

When a person, natural or artificial, is sued by a wrong name, and appears by and in his or its true name in the action without objection, the error is waived. (*McCreery* v. *Everding*, 54 Cal. 168.)

The irregularity in omitting the word "company" from the name of defendant in the original complaint did not affect the attachment lien. In *Porter* v. *Pico*, 55 Cal. 173, the court, speaking of an attachment lien that had merged in the judgment therein considered, said: "This lien was not affected by any irregularities in the attachment itself, nor was it destroyed by the judgment rendered in the attachment suit. Any irregularities in obtaining it were waived by the defendant to the suit when he appeared and answered, without taking advan-

tage of them by motion, or otherwise, in the course of proceedings. The process is merely auxiliary, and the judgment in the action cures all irregularities."

It is urged that the amended complaints rendered the attachment levy void, because they stated a different cause or causes of action from that or those declared upon in one common count in the original, which was a demand for goods sold, and services rendered to defendant, for which it agreed to pay. No objection was made on this ground to either of the amended complaints in the action in which they were filed, and cannot be made for the first time in a collateral proceeding. The original complaint at most was but defective, and could be amended without affecting the attachment lien. (*Hathaway* v. *Davis*, 33 Cal. 168.) The two returns of the sheriff on the execution issued in the attachment suit show demands upon the officers of the defendant corporation for the payment of the amount named in the execution instead of for property released from the attachment, and that such demands were answered by such officers saying that they had no money or property in their possession belonging to the Ætna Iron Works.

We think that it appears from the returns that a sufficient demand for the redelivery of the property that was released from the attachment levy was made. It was the sheriff's duty to levy the execution on such property, and his returns are *prima facie* evidence that the property was not delivered to him pursuant to the undertaking given for the release thereof. (Pol. Code, sec. 4178.)

The said returns also show that the execution was unsatisfied. The judgment creditor then elected, under section 552 of the Code of Civil Procedure, to proceed upon the undertaking on the release of the attachment levy, and gave notice to each of the sureties thereon of the non-delivery of the attached property, and demanded payment of the amount fixed in the undertaking.

As appellant's principal contention is that the findings in this case are not supported by the evidence based upon the invalidity of the proceedings in the attachment suit, and that the court erred in admitting the same in evidence, it follows that their contention cannot be sustained.

The judgment in the attachment suit was entered January 23, 1884, for $708.25, and $55.41 costs, which together with interest thereon at the rate of seven per cent per annum to October 28, 1885, the date of the entry of the judgment appealed from, amounts to $857.25. The judgment appealed from is for $1,200 and costs, being $342.75 greater than that which the plaintiff could have recovered on his judgment in the attachment suit. The measure of damages is the value of the property attached. (*Metrovich* v. *Jovovich,* 58 Cal. 342; Code Civ. Proc., sec. 555.) It is admitted in the pleadings that the value of the property attached was seventy-six thousand dollars, but by stipulation the amount of the undertaking in suit was fixed at twelve hundred dollars, instead of at the value of the property attached, as might have been done under section 555 of the Code of Civil Procedure. As the sheriff in satisfaction of the execution in the attachment suit could not have sold more of the attached property, had it been redelivered to him according to the undertaking for the release thereof, than sufficient to satisfy such execution, we think the plaintiff's recovery in this case should be limited to the amount recovered by him in the attachment suit, with the statutory interest thereon from the date thereof until the date of the entry of the judgment in this case. This we understand to be in accordance with the rule deduced from the authorities in Drake on Attachment, section 342, expressed as follows: " The measure of recovery on a delivery bond is the value of the property secured by it, not exceeding the amount of plaintiff's recovery in the attachment suit."

We advise that the court below be directed to modify the judgment appealed from by deducting therefrom the sum of $342.75, and that it be affirmed for the remaining sum of $857.25, and the costs therein contained.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the court below is directed to modify the judgment by deducting therefrom the sum of $342.75, and the judgment as to the remaining sum of $857.75, and costs therein contained, is affirmed.