RODRÍGUEZ *v.* RODRÍGUEZ ET AL.

APPEAL from the District Court of Ponce.

No. 700.—Decided June 8, 1911.

JOINDER OF ACTIONS—ACTIONS OF FILIATION, FOR DAMAGES, AND OF EJECTMENT.—
An action of filiation against certain heirs, and an action for damages and of ejectment against a third party, a stranger to the succession, which is instituted to recover certain property sold by the aforesaid heirs, cannot be joined in the same complaint because said actions are not such as may be joined.

JOINDER OF DEFENDANTS—ACTIONS OF FILIATION, FOR DAMAGES, AND OF EJECTMENT.—In accordance with the above doctrine, a third party, from whom it is desired to recover certain property conveyed to him by the heirs, cannot be joined as a defendant in an action of ejectment instituted against said heirs.

ID.—PRIVITY OF INTERESTS AMONG PARTIES.—The rúle for determining whether certain parties may be joined as plaintiffs or defendants is to ascertain if the parties joined are united by a common interest in the essential point in controversy, or whether they have common grounds for litigation. In such cases different parties may be joined, though the prayer of the complaint against each one may be different.

The facts are stated in the opinion.

*Mr. A. Poventud* for appellant.

*Mr. Luis Llorens Torres* for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The judgment from which this appeal was taken is one sustaining a demurrer to the complaint and imposing costs on the plaintiff. The appeal is based on four grounds as set forth in the several assignments of error. But they are merely amplifications of the single proposition that the trial court erred in rendering the judgment, it being contrary to law, in not deciding that the action of filiation and the claim of inheritance could be joined together, and that the defendant Mora was a proper party as a purchaser of part of the lands belonging to the estate. The respondent asserts that these different actions are improperly joined together, to wit, those of filiation, damages, and ejectment.

The appellant relies on the case decided by this court on February 11 last in which Lucero was appellant and Vilá was defendant, and in which we said:

"In regard to the third ground alleged for the appeal, relating to a misjoinder of actions, it is convenient to make it clear that the actions exercised are three in number, to wit, one relating to filiation, another relating to the acknowledgment of the rights resulting from said filiation, and still another, relating to the nullity of the testament which affects those rights in so far as they are hereditary.

"Now then, the second action is derived from the first, and the third from the second, it being evident that there is a close relation between all of them, for which reason we do not see any difficulty in joining them together."

There is a broad distinction between that case and the one at bar. In that case the parties were the natural chil-

dren on the one part and the legitimate heirs on the other, and it was the will of the deceased that was sought to be annulled; all of the said matters spring from the same source and one from the other in logical order.

In the case before us an entire stranger to the family of the deceased is brought in as a party defendant, and a conveyance made to him of certain lands is what is sought to be annulled. Or, as the respondent states the case, the actions sought to be consolidated are filiation, damages, and ejectment. These actions cannot be joined together in the same proceeding. (See section 104 of our Code of Civil Procedure, which is identical with section 3205 of the Code of Idaho and with section 672 of Montana and with section 427 of the California Code.) Under each of these sections in the identical codes cited are notes of numerous cases which may be referred to as authorities sustaining this proposition.

Nor is the case of *Puente* v. *Puente,* decided by this court on June 17, 1910, authority in this case. The mention of privies (*causahabientes*) in the opinion rendered therein was a mere inadvertence and the word should have been erased before signing.

Mora was not a necessary party to the action for filiation, nor to establish the heirship to the estate of the decedent. These matters had no necessary connection with the ownership of the lands held by Mora and he had no direct interest in them.

Actions can be joined under our code of procedure, but only in accordance with its terms, which are that all of the actions joined shall belong to some one of the seven classes which are enumerated in the law and that they shall affect all the parties to the suit. In support of this doctrine reference can be made to Sutherland on Pleading, Practice and Forms, pages 127, 130, and 136. That test is well stated in the opinion rendered in the case of *Bayley* v. *Dale,* 71 Cal., 34, as being "whether or not the parties joined in the suit have one connected interest centering in the point in issue in the

cause, or one common point of litigation." If so, it is held that unconnected parties may be joined, even where different relief is sought against them; otherwise no such joinder can be made.

Applying this test, Mora was not a proper party to the suit and the causes of action could not be joined. Hence the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.