[Civ. No. 1701. Third Appellate District.—May 1, 1918.]

C. L. HOFFMAN et al., Respondents, v. PACIFIC COAST CONSTRUCTION COMPANY (a Corporation), Appellant.

PLEADING—OMISSION OF PRAYER—RELIEF.—In view of the provisions of section 580 of the Code of Civil Procedure, the plaintiff in an action may have some relief although the complaint omits the prayer therefor as required by section 426 of such code, where issue has been raised by answer.

ID.—AMENDMENT OF COMPLAINT—SUPPLYING OF PRAYER.—The prayer to a complaint, when omitted, may be amended or supplied to conform to the cause of action stated in the complaint.

ID.—ATTACHMENT—COMPLAINT OMITTING PRAYER.—A complaint in an action for money, although containing no prayer for relief, is sufficient as a basis for a writ of attachment, where the pleading is accompanied by the affidavit and undertaking required by the statute, notwithstanding in its then form, no answer having been filed, a judgment could not be legally entered.

APPEAL from an order of the Superior Court of Tehama County refusing to dissolve an attachment.   John F. Ellison, Judge.

The facts are stated in the opinion of the court.

Karl F. Kennedy, for Appellant.

Robinson & Robinson, and McCoy & Gans, for Respondents.

CHIPMAN, P. J.—This is an appeal from an order denying defendant's motion to dissolve attachment.

Appellant rests its appeal upon the sole ground that the "complaint is insufficient to constitute a basis for said attachment," and this for the reason that the complaint contained no prayer for relief when the levy was made under the writ of attachment.

The action is for money, to wit, the sum of $503.11, alleged to have been paid out to and for defendant at its special instance and request, no part of which has been paid and the same is now due and unpaid.   The complaint was filed May 26, 1916, and summons was issued.   With the complaint were filed affidavit on attachment and undertaking.   On the same day the writ was issued and a certain lot of pipe attached by the sheriff and taken into his possession.   The complaint stated a cause of action for attachment as did the affidavit. The writ duly issued and was duly executed and the proceedings were in due form except, as is contended, that the complaint lacked a necessary element to confer jurisdiction on the court, to wit, a prayer for the relief which the plaintiff claims. This contention arises out of the provisions of section 426 of the Code of Civil Procedure, which reads as follows: "The complaint must contain: 1. The title of the action, the name of the court and county in which the action is brought, and the names of the parties to the action; 2. A statement of the facts constituting the cause of action, in ordinary and concise language; 3. A demand of the relief which the plaintiff claims.   If the recovery of money or damages be demanded, the amount thereof must be stated."

Appellant's position is concretely stated in the following paragraph of its opening brief: "As to the proposition of a 'complaint' possessing a caption followed immediately there-

after by a prayer, it requires no citation of authority to prove that such paper would be quite worthless, under the second subdivision of the section. It cannot, therefore, be logically urged that any different rule should apply, in the event of an entire omission of the third required part of a complaint, namely, the prayer. The language of the third subdivision is not only as forcible, but is even more emphatic. ' . . . The amount must be stated.' Considering its wording, its shoulder-to-shoulder position with the other two subdivisions, and the practical reason for its existence, there can be no question, we believe, but that the third subdivision's terms must be abided by, or the paper filed as a complaint is quite void.''

It becomes necessary to trace the further proceedings in the case, chronologically stated, as to which no step was taken by either party until in the early part of the year following the filing of the complaint and issuance and service of the writ.

On February 19, 1917, defendant filed notice that on March 2, 1917, it would move the court to dissolve the attachment on the ground ''that the complaint upon which said attachment proceedings were based stated facts which are insufficient, and said complaint is insufficient to constitute a basis for said attachment; that said motion will be based upon all the papers, records, and files in this action.''

On March 2, 1917, plaintiff filed an amended complaint alleging the corporate capacity of the defendant, which had been omitted in the original complaint. Otherwise the original complaint was unchanged.

A notice of motion by plaintiff, dated March 10, 1917, appears in the record, that plaintiffs would on March 19, 1917, move the court for leave to file a second amended complaint, form of which accompanied the motion and was the same as the first amended complaint, except that it contained the usual prayer for relief. The motion was based upon the grounds ''that in the original and first amended complaint of said plaintiff, a prayer for relief, based on the facts alleged in said complaint and first amended complaint, was inadvertently omitted, and that leave to amend said complaint by inserting such prayer as the facts alleged justify should be granted in furtherance of justice and under the provisions of section 473 of the Code of Civil Procedure. Said motion will be based upon the said proposed amended complaint, and the

affidavit of James S. Moore, Jr. (of counsel in the case), copies of which are served herewith, upon this notice, and upon the papers, records and files in said cause."

Notice is in the record bearing no date, signed by defendant's attorneys, "appearing not generally but specially and solely for such purpose," that on March 19, 1917, defendant would move the court for an order dismissing the action on the ground that "neither the original nor the amended complaint herein contains a prayer, as imperatively demanded by section 426 of the Code of Civil Procedure, of the state of California, that the facts stated in said complaint are insufficient to constitute a cause of action, and that the court has no jurisdiction to try the said cause, and that the county clerk of Tehama County had no lawful power or right to file said complaint."

It does not appear when these various motions were in fact heard. But on April 2, 1917, the court granted leave to file a second amended complaint by the following order:

" (Title of Court and Cause.)

"Order Granting Leave to Amend.

"Good cause appearing therefor, and on motion of Messrs. Robinson and Robinson and Price and Messrs. McCoy and Gans, attorneys for plaintiffs herein, and on reading the notice and affidavit on file herein; It is hereby ordered that plaintiffs be and they are hereby granted leave to file their second amended complaint in words and figures as set out and with said notice of motion for leave to amend.

"Dated this 2 day of April, 1917.

"John F. Ellison,

"Judge of the Superior Court."

Thereupon and on the same day the second amended complaint was filed. On the following day, April 3, 1917, the court made the following order denying the defendant's several motions: "The defendant's motion to quash the service of summons in this action is denied. The defendant's motion to dismiss the action is denied. The defendant's motion to dissolve the attachment is denied. The defendant allowed ten days within which to answer or demur to the complaint." Without further appearance in the case, defendant filed its notice of appeal.

It thus appears that the second amended complaint was on file before the court had ruled upon defendant's motions. The points on which defendant relies are: That in the absence

of a prayer for relief, the court was without jurisdiction, quite as much so as if the pleading wholly failed to indicate the court, in which latter case such would be the result. (Citing 31 Cyc. 94, and cases.) Hence, it is urged, that as the prayer is an essential element to confer jurisdiction, under section 426 of the Code of Civil Procedure it follows that the court had not jurisdiction. Defendant's second contention is that as the court did not have jurisdiction, its order to issue the attachment was void, for the reason that there was nothing to support the writ.

It is further claimed "that absence of the prayer vitiates the purported complaint, and amendment was impossible. But," proceeds the brief, "assuming that the law were otherwise, and permitted the insertion of a prayer by amendment, it would still be true that until such insertion the court would be powerless to do aught but order such insertion. And any process, attachment, or other ruling would be valueless until the insertion of that *ad damnum* clause stating a jurisdictional amount. Respondents' first opportunity to have a valid attachment issued would arise *after* the order allowing the insertion."

Doubtless where there is no answer and hence no trial of issues of fact no judgment could be entered in the absence of any demand for relief. A default judgment could not legally be given and made if the complaint were prayerless. But it does not follow that the court is without jurisdiction to order a writ of attachment to issue where a cause of action is stated, pursuant to subdivision 2 of section 426 of the Code of Civil Procedure, though the prayer for relief is omitted in the complaint.

Section 580 of the Code of Civil Procedure provides that "the relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue." This section plainly shows that the plaintiff may have some relief without regard to the prayer where an issue has been raised by an answer. (*Johnson* v. *Polhemus*, 99 Cal. 240, 244, [33 Pac. 908] ; *Woods Central Irr. D. Co.* v. *Porter Slough D. Co.*, 173 Cal. 149, 153, [159 Pac. 427] ; *Murphy* v. *Stelling*, 8 Cal. App. 702, [97 Pac. 672].) In *Donovan* v. *McDevitt*, 36 Mont. 61, [92 Pac. 49], the court

said: "It is true that the prayer is made a part of the complaint by section 671 of the Code of Civil Procedure; but it is made such part independently of the statement of facts constituting the cause of action. And, if the facts stated in the body of the complaint entitled the plaintiff to any relief, a general demurrer will not lie, no matter what may be the form of the prayer, or, indeed, whether there is any prayer at all. (*Hiatt* v. *Parker*, 29 Kan. 765; *Culver* v. *Rodgers*, 33 Ohio St. 537; *Sannoner* v. *Jacobson & Co.*, 47 Ark. 31, [14 S. W. 458] ; *Parker* v. *Norfolk etc. Ry. Co.*, 119 N. C. 677, [25 S. E. 722].) It may be that the plaintiff cannot recover a money judgment without a prayer in his complaint demanding the same and stating the amount to which he deems himself entitled."

Both the questions of jurisdiction and amendability of the complaint where the prayer was lacking were considered in *Eldon Ice Co.* v. *Van Hooser*, 163 Mo. App. 591, [147 S. W. 161], where the court said: "But where a petition is in all respects sufficient save for the omission of a prayer, as is this one, we do not believe that defect so far nullifies the paper as to deprive it of the efficacy of an invocation of jurisdiction, or that it is so far defective as not to afford a base for amendment. The omission of a prayer will not 'destroy jurisdiction."

We quote the following from *Sannoner* v. *Jacobson & Co.*, *supra*, which has our concurrence: "The question then is narrowed to this: Is the omission of a prayer for judgment so grave a matter as to be fatal to the action? If it is not fatal to the action, the intervener cannot be heard to complain. The statute declares that 'the court must in every stage of action disregard any error or defect in the proceeding which does not affect the substantial rights of the adverse party.' In a suit upon an account for money advanced like the one under consideration, the only relief to which the plaintiff can be entitled is at once apparent from the allegations of the complaint, and the omission of the demand for judgment cannot be said to affect the substantial right of any adversary."

It has been held that, although, under section 430 of the Code of Civil Procedure, a demurrer to the complaint on the ground that the court has no jurisdiction may be interposed, a demurrer does not lie to the prayer. (*Althof* v. *Conheim*, 38 Cal. 230, [99 Am. Dec. 363] ; *Bailey* v. *Dale*, 71 Cal. 34,

[11 Pac. 804].)   To determine the question of jurisdiction we must look to the averments of the complaint setting forth the facts constituting the cause of action.   It was said in *Lehnhardt* v. *Jennings,* 119 Cal. 199, [48 Pac. 56, 51 Pac. 195], that "it has never been held that the prayer of the complaint should conclude the question of jurisdiction."   In *Kohler* v. *Agassiz,* 99 Cal. 9, [33 Pac. 741], the court said: "Even on demurrer to the complaint the defendants cannot object to the prayer, and certainly, so long as the complaint contains every essential of an action upon contract, they cannot upon motion (to dissolve) an attachment accomplish what they could not upon demurrer."   It was held in that case that a motion to dissolve an attachment could not be turned into a demurrer, but that on such motion "we are simply to determine whether: 1. The complaint showed the action to be founded upon contract, express or implied.   2. Whether it states facts sufficient to constitute a cause of action against the defendants; and if not, 3. Does it appear therefrom that it can be so amended as to state a cause of action upon contract?   As against a nonresident debtor, these questions being answered in the affirmative, we must not concern ourselves further with the complaint."

In *Hale Bros.* v. *Milliken,* 142 Cal. 137, [75 Pac. 653], the court said: "If the complaint sets forth a cause of action upon a contract, express or implied, it cannot be attacked for ambiguity or uncertainty, and not even whether it states a cause of action if it appear therefrom that it can be so amended as to state a cause of action upon contract; in other words, the motion cannot be turned into a demurrer to the complaint. (*Kohler* v. *Agassiz,* 99 Cal. 9, [33 Pac. 741].)   If we may inquire whether the complaint is capable of amendment in accordance with rules governing amendments, it would seem to follow that such amendment may be made pending the hearing on a motion to dissolve the attachment.   So held, we think, in *Hathaway* v. *Davis,* 33 Cal. 161; *Hammond* v. *Starr,* 79 Cal. 556, [21 Pac. 971] ; and results from what is said in *Kohler* v. *Agassiz,* 99 Cal. 9, [33 Pac. 741].   We may, therefore, consider the complaint as amended, for it in no sense changed the nature of the cause of action."   (See, also, *Pinkiert* v. *Kornblum,* 5 Cal. App. 522, [90 Pac. 969] ; *Pajaro Valley Bank* v. *Scurich,* 7 Cal. App. 732, [95 Pac. 911].)

No reason can be advanced for holding that the prayer to a complaint may not be amended, or supplied when omitted, in like manner and to like extent that the complaint may be amended where the facts stated are not sufficient to constitute a cause of action, or where the title of the court has been erroneously given through inadvertence or mistake, or an error has been made in naming the party or parties plaintiff. The prayer may be amended to conform to the proofs at the trial. Why may not it be amended or supplied to conform to the cause of action stated in the complaint? We are of the opinion that the complaint as it originally stood, accompanied as it was by the affidavit required by the statute, was sufficient as a basis for the writ, although in its then form, no answer having been filed, a judgment could not legally have been entered in the case. Furthermore, we think the court was authorized to grant the motion to amend the complaint, before it had ruled upon defendant's motions, by allowing a prayer for relief consonant with the cause of action set forth in the complaint. The amended complaint supersedes the original complaint (*Bray* v. *Lowery*, 163 Cal. 256, [124 Pac. 1004]) ; and it has been held that where no new cause of action is attempted to be stated, the amendment, though made after the expiration of the period of limitation for the action, relates back to the time of the commencement. (*Ruiz* v. *Santa Barbara Gas etc. Co.*, 164 Cal. 188, [128 Pac. 330].)

The controlling questions in the case seem to be disposed of by the foregoing considerations.

The order is affirmed.

Hart, J., and Burnett, J., concurred.