[Civ. No. 3950.   Second Appellate District, Division Two.—October 14, 1922.]

JARED H. MILLER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] Estates of Deceased Persons — Retention of Property by Former Agent—Character of Possession.—Where a person holds property as the agent of another and after the death of the latter refuses to account for it to her estate, his possession is no different from that of any other individual who might have in his possession property belonging to the estate of a deceased person. The mere fact that for a time he was acting as executor of the estate, as well as having been the agent of the deceased in her lifetime, does not alter the situation in any degree.

[2] Id.—Recovery of Property—Authority of Special Administrator.—A special administrator, equally with an executor, has full authority to bring any action necessary to recover the property of the estate which he represents.

[3] Id.—Action by Special Administrator — Pleading — Prayer — Jurisdiction.—In an action by a special administrator to recover the possession and title of property of the estate which he represents, the mere fact that some of the allegations in the complaint are unnecessary and evidentiary and that the prayer asks for an accounting in the estate which he represents does not change the nature of the action to one for an accounting by the

defendant as executor of said estate or deprive the court of jurisdiction over its subject matter.

[4] ID.—INAPPROPRIATE PRAYER—DEMURRER—JURISDICTION.—Where the complaint in such action states a good cause of action, but concludes with a prayer that is in part inappropriate, in that plaintiff demands an accounting, not in that action, but in the probate proceeding, such prayer cannot be the subject of demurrer, and the defect therein does not affect the court's jurisdiction to direct the accounting to which the complaint shows plaintiff to be entitled.

PROCEEDING in Prohibition to enjoin the Superior Court of Los Angeles County, and the several Judges thereof, from further action in a suit against petitioner. Petition denied.

The facts are stated in the opinion of the court.

MacDonald & Thompson and Kimball Fletcher for Petitioner.

Anderson & Anderson for Respondents.

CRAIG, J.—By this proceeding petitioner asks that the superior court named as respondent be enjoined from further action in a suit at law in which Frank M. Kelsey, special administrator of the estate of Mary Moore Miller, is plaintiff, and George H. Miller, Jared H. Miller, and Cecil A. Sheward Miller are defendants. The instant proceeding will be referred to as the "proceeding" and the action sought to be enjoined as the "action."

It is the theory of petitioner that the superior court has no jurisdiction to try the action. Many authorities are cited by both sides concerning certain legal phases of the case as presented for our consideration. However, the controversy centers upon a determination of the nature of the action. Petitioner insists that it is a suit for an accounting against an executor; respondent avers that it is an ordinary action by an administrator to secure the possession and title of the property of the estate which he represents. If the action is determined to be as contended by respondent, clearly the injunction prayed for should not issue. We think that respondent's contention is sound.

Mary Moore Miller and Mary E. Moore were one and the same person. So much of the complaint in the action as bears upon the issue will be quoted. For the purpose of this proceeding the allegations of the complaint in the action must be assumed to be true. After first alleging that Jared H. Miller and Mary Moore Miller entered into a purported marriage, which was in fact illegal, and that thereafter until the death of the ostensible wife these parties lived together, holding themselves out as husband and wife, and that prior to said marriage Mary E. Moore owned large sums of money and property, the complaint goes on to state: "That after the said purported marriage of the said Jared H. Miller and the said Mary E. Moore, and at the instance of herself and the said Jared H. Miller, and as this plaintiff is informed and believes and upon his information and belief alleges at the instigation of the said Jared H. Miller, a large portion of this property aggregating about the sum of $200,000 was transmitted to the said Mary E. Moore, then known as Mary Miller Moore at Los Angeles, California, from time to time between the period of said purported marriage, to-wit, October 13, 1915, and the date of the death of the said Mary E. Moore, to-wit, the 17th day of February, 1921, and that some at least of these moneys were directly turned over to the said Jared H. Miller as agent for and trustee of the said Mary E. Moore, and were transmitted by him out of the State of California and without the knowledge or consent of the said Mary E. Moore were wrongfully appropriated by him to his own use and benefit and are now being wrongfully retained by him for his own use and benefit in at least the sum of $15,000.00 and in further sums, the exact amount or amounts of which are unknown to plaintiff, and that plaintiff is informed and believes and upon such information and belief alleges that *all of said moneys* so transmitted to the said Mary E. Moore and aggregating about the sum of $200,000.00 *were turned over by her* to the said Jared H. Miller *or were received and retained by said Jared H. Miller as her agent and trustee* to be held and handled by him as her moneys and for her benefit; but that he has wrongfully and fraudulently misappropriated and retained the same to his own use and benefit.'' (Italics ours.) Then follows an allegation that Mary E. Moore turned over to Jared H. Miller the sum of $11,500. Following this is para-

graph 13 of the complaint, in which it is set forth that all of the money placed in the hands of Jared H. Miller by Mary E. Moore to be handled by him as her agent, consisting of the sum of approximately $200,000 in one item, and approximately $11,500 in another, "have been embezzled, misappropriated and retained by the said Jared H. Miller for his personal use and benefit"; and also that Jared H. Miller has not returned said property as a part of the estate of Mary E. Moore, and has no intention of doing so.

From this and other similar language it cannot be doubted that the complaint plainly alleges the receipt by Jared H. Miller of the property in question in his personal capacity. By no possible construction can it be said that he came into possession of this property as the executor of the estate of Mary Moore Miller, for the complaint states that he received the same during her lifetime and "as her agent," and "to be handled by him for her use and benefit."

[1] Holding the property as he did as the agent of Mary Moore Miller, and refusing to account for it to her estate, his possession is no different from that of any other individual who might have in his possession property belonging to the estate of a deceased person. The mere fact that for a time he was acting as executor of the estate, as well as having been the agent of the deceased, does not alter the situation in any degree.

[2] It cannot be questioned that the special administrator, equally with an executor, has full authority to bring any action necessary to recover the property of the estate which he represents.

It is true that the complaint, in addition to the essential allegations above discussed, goes on to recite other facts, among them, the death of Mary E. Moore, the appointment of Jared H. Miller as one of the executors of her last will and testament, and certain other matters of an evidentiary nature to show that Jared H. Miller possessed but little property and that whatever he had belonged to the estate of Mary Moore Miller, and that Jared H. Miller as executor never filed an inventory or made an accounting for the property to the estate of Mary Moore Miller.

The prayer of the complaint is that "Jared H. Miller be required to forthwith account to the court in the matter of said estate of said Mary Moore Miller, deceased, for all

of said moneys and properties of said estate hereinabove referred to and now in his possession or under his control and belonging to said estate of said Mary Moore Miller, deceased,'' and for an injunction restraining him and also his wife, Cecil A. Sheward Miller, from dealing with said money or property or transporting it outside of the state.

[3] It may be that some of the allegations in the complaint are unnecessary and evidentiary only. If this is true, it does not change the nature of the action or deprive the court of jurisdiction over its subject matter. The petitioner lays great stress upon the fact that the prayer asks for an accounting in the estate of Mary Moore Miller, deceased, and insists that this is proof that the action is intended as one to require Jared H. Miller to render an accounting as executor of said estate. There is no foundation for this claim. Neither in the prayer nor elsewhere in the complaint is there any suggestion or demand that Jared H. Miller account in his capacity as executor. Throughout the complaint there is contained the assertion that Jared H. Miller, during the lifetime of Mary Moore Miller, his purported wife, received from her large sums of money as her agent, and that he embezzled the same and now refuses to account to the special administrator of her estate for it. The accounting demanded is clearly asked for in his personal capacity, and in the ordinary one of an agent to his principal. It may be added that from the very nature of the situation the special administrator could not well sue Jared H. Miller for a definite sum as having been converted by him, but must first depend upon an accounting to establish the amount to which he as administrator has the right to claim possession.

[4] It is true that the prayer of the complaint asks that Jared H. Miller be required to account ''in the matter of the estate of said Mary Moore Miller, deceased,'' etc. The complaint, having stated a good cause of action, concludes with a prayer for relief which is in part inappropriate. Plaintiff in the action is entitled to demand an accounting, not in the probate proceeding, but in the action whose further proceeding is here sought to be enjoined. But this defect in the prayer does not affect the superior court's jurisdiction to direct the accounting to which the complaint shows plaintiff to be entitled. Of course, the prayer cannot be the

subject of demurrer. (*Bailey* v. *Dale,* 71 Cal. 34 [11 Pac. 804] ; *Althof* v. *Conheim,* 38 Cal. 230 [99 Am. Dec. 363].) It is not determinative of the question of jurisdiction. (*Lehnhardt* v. *Jennings,* 119 Cal. 199 [48 Pac. 56, 51 Pac. 195].) The entire lack of a prayer does not deprive the court of jurisdiction if the facts stated constitute a cause of action against the defendant, or even though defective in that regard, if susceptible of amendment so as to be made to state such a cause of action. (*Kohler* v. *Agassiz,* 99 Cal. 9 [33 Pac. 741] ; *Hale Bros.* v. *Milliken,* 142 Cal. 137 [75 Pac. 653].) The prayer may be amended. The averments of the complaint, not the prayer, decide the question of jurisdiction. (*Hoffman* v. *Pacific Coast Const. Co.,* 37 Cal. App. 130 [173 Pac. 776].)

But in the instant case the prayer concludes by asking for general relief. It was stated in the early case of *Rollins* v. *Forbes,* 10 Cal. 299, that "if the specific relief asked cannot be granted, such relief as the case stated in the bill authorizes, may be had under the clause in the prayer for general relief." This decision was based upon a construction of section 147 of the Practice Act, which is the same as section 580 of the Code of Civil Procedure.

The petition for a writ of prohibition is denied.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 11, 1922.

All the Justices present concurred.