[Civ. No. 11663. Second Appellate District, Division Two.—February 7, 1938.]

F. W. GRISINGHER, Appellant, v. FRED A. SHAEFFER et al., Respondents.

6

Preisker, Goble, Twitchell & Stephan and Morris J. Stephan for Appellant.

David F. Hart and Fred A. Shaeffer for Respondents.

McCOMB, J.—This is an appeal by plaintiff from a judgment dismissing the action as against defendants Estate of Mary W. Shaeffer, deceased, and Fred A. Shaeffer, as administrator of the estate of Mary W. Shaeffer, deceased, after the trial court sustained a demurrer to the complaint.

The facts are these:

Plaintiff filed an action on a promissory note signed jointly by Fred A. Shaeffer and Mary W. Shaeffer. Prior to the filing of the action Mary W. Shaeffer died and a claim on the aforesaid promissory note was allowed, approved, and filed against her estate. In the present action Fred A.

Shaeffer, Estate of Mary W. Shaeffer and Fred A. Shaeffer, as administrator of the estate of Mary W. Shaeffer were joined as defendants. Defendants demurred to the complaint on the grounds that (1) it failed to state a cause of action, and (2) there was a misjoinder of parties defendant.

These are the questions presented for determination:

*First: Is there a misjoinder of parties defendant when the administrator of an estate, against which a claim based upon a promissory note has been allowed, approved, and filed, is joined with the surviving maker of the promissory note?*

*Second: Was the following allegation in the complaint a sufficient allegation of the representative capacity of defendant administrator:*

"*That Mary W. Shaeffer, during her lifetime, was a resident of the City of Santa Maria, County of Santa Barbara, State of California; that said Mary W. Shaeffer died after the 14th day of July, 1933, and that the Estate of Mary W. Shaeffer, deceased, is now in process of administration in the said County of Santa Barbara, State of California, and that Fred A. Shaeffer has been appointed, has qualified, and is acting administrator of the Estate of Mary W. Shaeffer, deceased?*"

*Third: Can objections to the prayer of a complaint be raised by demurrer?*

The first question must be answered in the negative. The law is settled that the administrator of a deceased debtor or promisor may be joined as a party defendant with the surviving obligor. (*Bostwick* v. *McEvoy*, 62 Cal. 496, 502; *Briggs* v. *Breen*, 123 Cal. 657, 661 [56 Pac. 633, 886]; 11B Cal. Jur. 325, sec. 911, title, Executors and Administrators [1934].)

In *Bostwick* v. *McEvoy*, *supra*, Mr. Justice McKee at page 502 says:

"It is urged that the estate of a deceased maker of a joint promissory note executed by two or more, can not be joined as defendant with the surviving debtor or debtors in an action on the note. . . . Such an action, however, is maintainable in this state, but any judgment recovered against the administrator must be made payable *de bonis testatoris*."

Again in *Briggs* v. *Breen*, *supra*, at page 661, our Supreme Court says:

"It is claimed by respondents that the administrator of J. R. Breen is improperly joined as a defendant with James F. Breen. There were at common law valid formal reasons against such joinder, and they were allowed effect in two early cases in this state. (Citing cases.) But section 379 of the Code of Civil Procedure provides that: 'Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein.' The language is certainly broad enough to allow the joinder of the administrator of a deceased debtor or promisor with survivors who were jointly liable with him to the plaintiff; and such is the later doctrine of this court, to which we adhere. (Citing cases.) The objection of misjoinder must be overruled.''

The allegation that the claim had been allowed, approved, and filed is an admission that in so far as the estate is concerned the validity of the obligation has been established and that it already ranks among the acknowledged debts of the estate to be paid in due course of administration. (Sec. 713, Probate Code.)

What, if any, additional relief would be obtained by a judgment? Section 730 of the Probate Code provides as follows:

"A judgment rendered against an executor or administrator, upon any claim for money, against the estate of his testator or intestate, when it becomes final, conclusively establishes the validity of the claim for the amount of the judgment; and the judgment must be that the executor or administrator pay, in due course of administration, the amount ascertained to be due . . . No execution shall issue upon the judgment, nor shall it create any lien upon the property of the estate, or give the judgment creditor any priority of payment.''

It thus appears that the obtaining of a judgment conclusively establishes the validity of the claim for the amount of the judgment. Merely allowed claims have no such conclusiveness. When the administrator presents his accounting to the court of such allowed claim and other claims, it is subject to attack by any person interested in the estate.

Probate Code, section 927, reads in part as follows:

"Any person interested in the estate may appear and file written exceptions to the account, and contest the same. . . .

All matters, including allowed claims not passed upon on the settlement of any former account and *not reduced to judgment*, may be contested for cause shown." (Italics ours.)

It is thus apparent that the complaint does not admit that plaintiff had already received all the relief which a judgment would give him.

The second question must be answered in the affirmative. The law is settled that in actions against executors or administrators it is not necessary to allege in the complaint facts showing how the defendant became invested with his representative capacity but simply that he is such an executor or administrator. (*Wise* v. *Williams,* 72 Cal. 544, 547 [14 Pac. 204].)

The final question must be answered in the negative. Objections to the prayer of a complaint cannot be taken by demurrer. (*Rollins* v. *Forbes,* 10 Cal. 299, 300; *Hoffman* v. *Pacific Coast Const. Co.,* 37 Cal. App. 125, 130 [173 Pac. 776].)

In *Rollins* v. *Forbes, supra,* Mr. Justice Field at page 300 says:

"Objections to the prayer of a complaint cannot be taken by demurrer. If the specific relief asked cannot be granted, such relief as the case stated in the bill authorizes may be had under the clause in the prayer for general relief, and even in the absence of such clause where an answer is filed."

For the foregoing reasons the trial judge's ruling in sustaining the demurrer was erroneous. The judgment is reversed with instructions to the trial court to overrule the demurrer, allowing defendants an appropriate time within which to file an answer to the complaint.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 28, 1938, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 8, 1938.