LYMUS HOLLOWAY, plaintiff in error *vs.* FRANKLIN L. BRINKLEY, defendant in error.

When a contract was made by a freedman and a landlord, to make a crop for one year, by which the landlord, was to furnish the land and stock, and the freedman to work the same, and to receive for his labor one-half of the crop made thereon :

*Held,* That such a contract did not make them partners, and that if the landlord refused or neglected to pay or deliver to the freedman, the one-half of the crop made on land, but appropriated the same to his own use, the freedman could make out an account against the landlord for the value of his share of the crop, and enforce the same by attachment, or otherwise. It is the duty of the Courts to see that this class of contracts are performed in good faith on the part of the landlord to the laborer who makes the crop on his land, when the laborer performs his part of the contract.

Attachment. Partnership. Before Judge CHISOLM. City Court of Savannah. July Term, 1870.

Holloway had an attachment against Brinkley levied upon three bales of cotton. He averred that Brinkley was " indebted to him in the amount of three bales of Sea Island cotton of about the value of $500 00, which indebtedness accrued by reason of a verbal contract to work and labor together in raising a crop of cotton during the year 1869, the said Lymus Holloway to receive one-half of the whole amount of cotton raised ;" they made six bales of such cotton ; Brinkley appropriated three of them to his use, and has taken possession of the other three as his own. There was another count for $500 00 by reason of the facts aforesaid. Holloway testified that he and Brinkley, in the spring of 1869, " agreed to farm together for that year ;" Brinkley was to furnish the stock and lands, Holloway to board himself and have half the crop. They made six bales of cotton. Brinkley took the three first and largest, saying that Holloway might have the other three, but subsequently shipped them away for himself without Holloway's consent, and would not settle with Holloway. These bales weighed each from three

hundred and twenty to three hundred and forty pounds. He said "the cotton in suit is my cotton ; my title and right to the cotton is based upon the contract for half the crop made with Brinkley, and upon his promise to give it to me."

Another witness testified that Brinkley employed Holloway to cultivate Brinkley's farm, and was to give him half of the crop, and that, in February, 1870, such cotton was worth fifty cents per pound, and that from Brinkley's statements as to the quantity made, Holloway's share was about nine hundred pounds.   There were two other witnesses who testified that Brinkley employed Holloway to cultivate his farm, and was to pay him half the crop for his work, and that he did the work and made said cotton.   Here Holloway closed his cause.

Brinkley's counsel moved for a non-suit on the ground that it was apparent that this was an effort to settle a partnership, and that that could only be done in a Court of Equity ; that the evidence showed that Holloway had levied on his own cotton, and that while trover might lie, he could not recover in an action *ex contractu.*   The non-suit was granted, and that is assigned as error.

TOMPKINS & GARRARD, by A. M. SLOAN, for plaintiff in error.   This is not partnership:   6th Fla. R., 142; 9th, 22; Thompson's Dig. 230, 231; Acts of Fla. 21st February, 1870; 1 Clifford's C. C. R., 36, 37; Revised Code Georgia, sections 1877, 1880; 39th Ga. R., 125; 40th, 328.   But if partnership, it was dissolved:   Story on P., secs. 280, 326. Conversion made Brinkley liable at law:   Story on P., sec. 333; Revised Code Georgia, sections 2903, 2904; 7th Ga., 191; 10th Mass. R., 435, 436; 3 Phil. on Ev., 405; 2 Gr. on Ev., 108.   Attachment on money demand *ex delicto*: Revised Code, sec. 3210; 18th Ga. R., 364; 28th, 323; 37th, 32.   Brinkley is estopped:   Phillips and Greenleaf, *supra;* 1 Hilliard on T., 42, N. 6.   Especially after replevy:   Rev. Code, sections 3243, 3252; Drake on Attachments, 332, 339

But if they were owners in common, conversion made good basis of action: Revised Code, sections 2276, 2277, 3503, 3504. Not necessary to go into equity: Revised Code, sections 3027, 3930; 19th Ga. R., 599; 35th, 84; 37th, 364. It was wrong to grant non-suit on variance: Revised Code, sections 3215, 3269, 3270; 13th Ga. R., 311; 18th, 510; 29th, 84; 36th, 602; 37th, 18; 39th, 82.

J. HARTRIDGE, R. E. LESTER, for defendant.

WARNER, J.

The facts disclosed by the record in this case did not make the plaintiff and defendant partners. If the defendant as the landlord refused or neglected to pay or deliver to the plaintiff one-half of the crop, under the contract, for his labor in making it, but appropriated it to his own use, the plaintiff could make out an account against the landlord for the value of his share of the crop, and enforce the collection of the same by attachment, or any other lawful remedy. It is the duty of the Courts to see that this class of contracts are performed, in good faith, on the part of the landlord to the laborer who makes the crop on his land, when the laborer performs his part of the contract, and it was error in the Court below in granting the non-suit.

Let the judgment of the Court below be reversed.