[S. F. No. 2835. Department Two.—February 5, 1904.]

HALE BROTHERS, Respondent, v. EDWARD F. MILLI-KEN and FOSTER MILLIKEN, Copartners, as Milliken Bros., Appellants.

ATTACHMENT—NON-RESIDENT DEFENDANTS—MOTION TO DISSOLVE—SUF-FICIENCY OF COMPLAINT.—Where the proper affidavit is made as required for an attachment against non-resident defendants, a motion to dissolve the attachment cannot be turned into a demurrer to the complaint, and if it states a cause of action upon contract, express or implied, or can be made to do so by amendment, it cannot be attacked for any ambiguity or uncertainty, and it may be

amended pending the motion so as to state an unambiguous cause of action upon contract.

ID.—SUFFICIENCY OF AFFIDAVIT.—An affidavit for attachment against non-residents which states that the indebtedness is "upon an express contract," is sufficient in that respect.

ID.—WRIT FOR LESS THAN DEMAND OF COMPLAINT.—A writ of attachment is not defective because it states an amount less than that demanded in the complaint.

ID.—CAUSE OF ACTION FOR BREACH OF CONTRACT—DAMAGES ASCERTAINABLE FROM CONTRACT.—An attachment will lie upon a cause of action for damages for a breach of contract, where the damages are readily ascertainable by reference to the contract, and proof of what was done under it, and the basis of computation of damages appears to be reasonable and definite.

ID.—DELAY IN DELIVERY OF STEEL FOR BUILDING—AVERMENT OF PERFORMANCE BY PLAINTIFF.—Where the damages claimed are for breach of contract by delay for three months in the delivery of steel for a building, consisting mainly of the loss of ground-rent paid during that period, and of the reasonable value of the use of the building for the period of three months, a mere general allegation that plaintiff has performed the contract on his part does not necessarily imply that plaintiff intended to discharge the contract or the liability of the defendant for damages under it. The effect of such allegation cannot be considered on motion to dissolve the attachment; nor can it be assumed that defendants will make a defense of such discharge in their answer.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to dissolve an attachment. Frank H. Kerrigan, Judge.

The facts are stated in the opinion.

P. F. Dunne, for Appellants.

The complaint stated a cause of action for damages, but not for such damages as could sustain the writ, because unliquidated, and not clearly ascertainable from the contract alleged. (*Dunn* v. *Mackey*, 80 Cal. 107, 108; *Wilson* v. *Wilson*, 8 Gill. 193;[1] *Warwick* v. *Chase*, 23 Md. 152, 161, 162; *Wilson* v. *Louis Cook Mfg. Co.*, 88 N. C. 5; *Hecksher* v. *Trotler* 48 N. J. L. 419-424; *Hochstadter* v. *Samm*, 73 Tex. 315-319; *Alexander* v. *Bishop*, 59 Iowa, 578, 579; *Goodhart* v. *Pennsylvania Ry. Co.*, 177 Pa. St. 15, 16.[2]). The writ was

[1] 50 Am. Dec. 685.        [2] 55 Am. St. Rep. 705.

excessive, and the attachment must be dissolved. (*De Leonis*
v. *Etchepare,* 120 Cal. 407-412.) The affidavit was not amend-
able. (*Winters* v. *Pierson,* 72 Cal. 553.) The contract has
been discharged by full performance alleged, and there is
nothing on which to base an attachment. (*Gaylord Mfg. Co.*
v. *Allen,* 53 N. Y. 518, 519; *Gilson* v. *Brigham,* 43 Vt. 414;[1]
*Studer* v. *Bleistein,* 115 N. Y. 316; *Shaw* v. *Lighthouse,* 26
N. Y. St. Rep. 907.)

Campbell, Metson & Campbell, and J. H. Budd, for Re-
spondent.

A motion to dissolve an attachment cannot be turned into
a demurrer to the complaint. (*Kohler* v. *Agassiz,* 99 Cal. 9.)
The complaint was amendable so as to state clearly ascer-
tainable damages from breach of the contract alleged. (*Hath-*
*away* v. *Davis,* 33 Cal. 161; *Kohler* v. *Agassiz,* 99 Cal. 9;
*Hammond* v. *Starr,* 79 Cal. 556.)

CHIPMAN, C.—Motion to discharge the writ of attach-
ment issued in the cause. It appears from the complaint that
plaintiff leased a piece of land in San Francisco with a view
to erecting a building thereon in which to conduct its business;
in January, 1900, plaintiff began negotiations with defendants
for the necessary structural steel required for the building,
and defendants submitted two lists of prices—one for delivery
in February, 1900, and the other for May delivery, the former
calling for a higher price than the latter; that plaintiff in-
formed defendant at this time that it had leased the lands
on which the building was to be erected, and would have to
pay the rental of fourteen hundred dollars per month from
and after July 1st, and that it was necessary for plaintiff to
complete and occupy the building by that time, but that it
could not be then completed and occupied unless the steel
should be all delivered during the month of February; that
accordingly defendants agreed to make delivery in that month,
and plaintiff, in consideration of the earlier delivery, agreed
to pay the higher price, amounting to a difference of some-
thing over four thousand dollars; that plaintiff performed all
the conditions of the contract on its part, but defendants did
not deliver the steel until in April, by reason of which failure

---

[1] 5 Am. St. Rep. 289.

the construction of said building was delayed three months. The alleged damages grew out of this delay, and are made up of the following items: 1. Ground-rent of fourteen hundred dollars per month for three months; 2. Interest on money expended by plaintiff in the building outside of the steel work during the period of the delay, amounting to $396.32; 3. The value to plaintiff of the use of the building for three months, alleged to be three thousand dollars per month, or nine thousand dollars; and 4. The amount expended by plaintiff in preparing the steel for use after its receipt, $377.65, the alleged agreement being that it should be delivered in complete condition for being placed in the building. The total amount claimed in the complaint is $13,973.97, for which judgment is prayed. The affidavit for attachment sets forth: "That the defendants in said action are indebted to plaintiff in the sum of twelve thousand three hundred and seventy-eight and 29-100 dollars ($12,378.29) over and above all legal set-offs and counter-claims upon an express contract, to wit: an agreement to deliver for a consideration, during the month of February, 1900, all steel work to be used in the construction of a certain building to be erected by plaintiff in the city and county of San Francisco, state of California; that defendants both reside in the state of New York, and neither of them resides in the state of California; that this attachment is not sought, and this action is not prosecuted to hinder, delay, or defraud any creditor or creditors of defendants." The amount of indebtedness stated in the affidavit and in the writ is the same, and is $1,595.68 less than the amount claimed in the complaint, and it is to satisfy this lesser amount stated in the affidavit the writ directs the sheriff to attach the property of defendants. In the complaint it was stated "that the use, benefit, and occupation of said building is worth to plaintiff the sum of three thousand ($3,000) dollars for each and every month." While the motion was pending and before the decision thereon, plaintiff moved and was permitted, without objection so far as appears, to strike out the above quoted allegation and insert in lieu thereof the words, "that the use, benefit, and occupation of said building are reasonably worth the sum of three thousand ($3000) dollars for each and every month."

Section 537 of the Code of Civil Procedure provides that

the plaintiff may have the property of the defendant attached: . . . "2. In an action upon a contract, express or implied, against a defendant not residing in this state," and in such case the affidavit need only state: . . . "2. That the defendant is indebted to the plaintiff [specifying the amount of such indebtedness over and above all legal set-offs or counterclaims], and that the defendant is a non-resident of the state; and 3. That the attachment is not sought, and the action is not prosecuted, to hinder, delay, or defraud any creditor of the defendant." (Code Civ. Proc., sec. 538.) As to the meaning of the words "for the direct payment of money," found in subdivision 1 of sections 537 and 538, we need not concern ourselves, for they relate only to defendants who are residents of the state. Upon a motion to dissolve an attachment against the property of non-residents it is only necessary that the complaint should show that the action is upon a contract, express or implied, and that the affidavit should state the facts pointed out in the above paragraphs of section 538. If the complaint sets forth a cause of action upon a contract, express or implied, it cannot be attacked for ambiguity or uncertainty, and not even whether it states a cause of action if it appear therefrom that it can be so amended as to state a cause of action upon contract; in other words, the motion cannot be turned into a demurrer to the complaint. (*Kohler* v. *Agassiz,* 99 Cal. 9.) If we may inquire whether the complaint is capable of amendment in accordance with rules governing amendments, it would seem to follow that such amendment may be made pending the hearing on a motion to dissolve the attachment. So held, we think, in *Hathaway* v. *Davis,* 33 Cal. 161; *Hammond* v. *Starr,* 79 Cal. 556, and results from what is said in *Kohler* v. *Agassiz,* 99 Cal. 9. We may, therefore, consider the complaint as amended, for it in no sense changed the nature of the cause of action. There has been some discussion by the court whether it is necessary to allege in the affidavit that the contract sued upon is "express or implied," or whether it is not sufficient to allege that the indebtedness is "upon a contract," this latter being the material thing to be alleged. (*Simpson* v. *McCarty,* 78 Cal. 175;[1] *Flagg* v. *Dare,* 107 Cal. 482, citing *Bank of California* v. *Boyd,* 86 Cal. 388.) The affidavit here alleges that

[1] 12 Am. St. Rep. 37.

the indebtedness "is upon an express contract," which, in any view of the statute, would seem to be sufficient.

It is objected by appellant that the writ is defective because the amount necessary to satisfy plaintiff's demand is not "stated in conformity with the complaint," as required by section 540 of the Code of Civil Procedure. But it has been held that the writ may state an amount less than the demand in the complaint. (*De Leonis* v. *Etchepare,* 120 Cal. 407; *Tibbet* v. *Tom Sue,* 122 Cal. 206.)

The point most urged is whether such damages as are claimed here for breach of contract can be made the basis of an attachment. Appellant relies on *Dunn* v. *Mackey,* 80 Cal. 104, as holding the rule to be "that an attachment will not issue in an action for damages, unless the damages are certain and liquidated, or unless the contract itself furnished some standard by which the damages may be made certain." It is claimed that the two main items of damages are the ground-rent of forty-two hundred dollars and "the use, benefit, and occupation" of the building, alleged to be of the value of three thousand dollars per month, or nine thousand dollars for the three months. And that unless this last item be included the writ would call for an amount very much in excess of the amount on which plaintiff was entitled to an attachment, and hence the writ must be dissolved. (*Tibbet* v. *Tom Sue,* 122 Cal. 206; *De Leonis* v. *Etchepare,* 120 Cal. 407, and cases cited.) Appellant argues the question from the standpoint of the unamended complaint, which alleged that the use of the building "was worth to plaintiff the sum of," etc. From that point of view appellant's contention has force that is wanting when we consider the complaint as amended. The amendment made it no longer a question as to what profits plaintiff might have made while conducting its business in the new building for these three months, but the simpler question, What is the reasonable value of the use of the building for that period? As to the meaning of the terms "unliquidated damages," appellant cites Wade on Attachments (sec. 23). The author shows that there is no necessary objection that the damages are unliquidated; that the meaning intended to be conveyed by these terms is merely that the amount plaintiff is entitled to recover shall be ascertained or ascertainable by reference to the contract and proof of what was done

under it; that the standard by which defendant's liability is to be measured shall be furnished by the contract, and not left open to mere speculation or vague conjecture. So where the action was for breach of contract to convey freight, and the damages claimed, in addition to the time, trouble, and delay, were principally for loss of probable profit on the cargo, this was held too indefinite and uncertain to enable the plaintiff to swear with any certainty to the amount due (*Warwick* v. *Chase*, 23 Md. 154); but where the implied contract was to tow certain logs safely, and a negligent breach, by which the logs were lost, though there was no agreement as to what should be the liquidated damages, the amount was readily ascertainable and attachment would be maintained. (*New Haven S. M. Co.* v. *Fowler*, 28 Conn. 103.) Similarly, where the contract related to a farm worked "on shares" for one half the crop, and the landlord took it all, *held* attachment would lie in aid of the tenant. (*Holloway* v. *Brinkley*, 42 Ga. 226.) The author states: "What is required is that the damages may be readily ascertained, and the basis of computation employed by plaintiff should appear to be reasonable and definite." (Citing *Wilson* v. *Louis Cook Mfg. Co.*, 88 N. C. 5; *Selheimer* v. *Elder*, 98 Pa. St. 154.) The author cites *Lenox* v. *Howland*, 3 Caines, 323, and *Lawton* v. *Kiel*, 51 Barb. 30 (*Lawton* v. *Kiel*, 34 How. Pr. 465), to the effect that where the action arose *ex contractu* attachment would lie whether the damages were liquidated or unliquidated. It is not necessary to go so far in sustaining the writ in the present case. The damages claimed arose out of the alleged contract; the value of the use and occupation of the building is as readily ascertainable as the ground-rent would be had plaintiffs agreed to pay the reasonable rental value therefor, or as easily as the value of goods sold where no price was fixed as to value. (See *Wilson* v. *Wilson*, 8 Gill, 192,[1] cited by appellant.)

The further point is made that it appears from the complaint that plaintiff has performed all its agreements, and this operates a satisfaction and discharge of the contract; that the contract being discharged there is no longer anything for the attachment to rest upon, and plaintiff cannot now recover for the delay in the delivery. *Gaylord Mfg. Co.* v. *Allen,*

[1] 50 Am. Dec. 685.

53 N. Y. 515; *Gilson* v. *Brigham,* 43 Vt. 410 ;[1] *Studer* v. *Blei-stein,* 115 N. Y. 316, and some other cases to the same effect are cited in support of this contention. These are all cases affirming the doctrine that where the vendee has intentionally accepted personal property manufactured under an executory contract of sale, after full and fair opportunity of inspection, in the absence of fraud, he is estopped thereafter from claiming damages for any visible defects and imperfections, whether discovered or not, unless there is some warranty of quality on the part of the vendor manifestly intended to survive acceptance.

No question arises here as to the unfitness or inferior quality of the steel when delivered, unless it may be as to the small item for damage for labor in preparing the steel for use. Whether the rule stated in the cases cited would apply where the goods delivered are in kind and quality according to contract, and the damages arise only from delay in delivery, under the circumstances of this case as disclosed by the complaint, may be doubted, but it is not necessary to decide the question. There is nothing in the general allegation that plaintiff has performed on his part, etc., which necessarily shows or from which it may be implied that plaintiff intended to discharge the contract or defendants' liability under it, nor indeed can we assume that defendants will, when they answer, make any such defense. As already stated, the writ cannot be turned into a demurrer to the complaint. (*Kohler* v. *Agassiz,* 99 Cal. 9.)

The order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.

---

[1] 5 Am. Rep. 289.