[Civ. No. 418.  First Appellate District.—March 23, 1908.]

PAJARO VALLEY BANK, Respondent, v. STEPHEN SCURICH, Appellant; WATSONVILLE TRANSPORTATION COMPANY, W. J. ROGERS, F. A. KILBURN and R. W. HEATON, Defendants.

ATTACHMENT—MOTION TO DISCHARGE WRIT—INSUFFICIENT COMPLAINT AMENDABLE.—A motion to discharge a writ of attachment for insufficiency of the complaint to state a cause of action. cannot perform the office of a demurrer, and where it appears that the complaint may be amended so as to state a cause of action, the writ cannot be discharged on that ground.

ID.—FATALLY DEFECTIVE AFFIDAVIT NOT AMENDABLE.—A fatally defective affidavit for attachment cannot be amended so as to meet a motion to discharge the writ, and, in such case, the writ should be discharged on that ground.

ID.—INSUFFICIENCY OF AFFIDAVIT AS TO CREDITORS.—Where the writ of attachment was against the maker and indorsers of a promissory note, an affidavit for the writ, merely stating ''that the attachment is not sought and the action is not prosecuted to hinder, delay or defraud any creditor or creditors of the defendants,'' without adding the words, ''or any creditor of either of said defendants,'' is fatally defective; and a motion to discharge the writ on that ground should have been granted.

APPEAL from an order of the Superior Court of Santa Cruz County, refusing to discharge a writ of attachment. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Chas. B. Younger, for Appellant.

Dickerman & Torchiana, for Respondent.

HALL, J.—This is an appeal by defendant, Stephen Scurich, from an order of the trial court, refusing to discharge a writ of attachment as to said defendant, that had been issued in the above-entitled action, and been levied upon property of said defendant as well as upon property of the defendant corporation.

The motion was made under section 556, Code of Civil Procedure, upon the ground that the writ was improperly and irregularly issued as to appellant in this, that the complaint fails to state a cause of action against appellant, and that the affidavit for attachment is insufficient in that it fails to show "that the said attachment is not sought and the action is not prosecuted to hinder, delay or defraud any creditor of defendant Scurich."

The action is one upon a promissory note, and is against the defendant corporation as the maker thereof, and against the other defendants, including appellant, as indorsers thereof. By its terms the note is payable one day after date, and the complaint fails to allege that any demand was made on the maker on said day, or any notice of dishonor served at that time—the first demand and notice alleged being made and given about twenty months after the date of the note.

Whether or not the court should have granted the motion for this reason it is not necessary for us to decide in this case. It has been held that a motion of this kind cannot be made to take the place of a demurrer, and that if the complaint can be amended so as to state a cause of action upon which an attachment will lie, the motion should be denied. But whether the amendment should be made before the determination of the motion may not be perfectly clear. (See *Hale Bros.* v. *Milliken*, 142 Cal. 137, [75 Pac. 653] ; *Hathaway* v. *Davis*, 33 Cal. 161; *Kohler* v. *Agassiz*, 99 Cal. 9, [33 Pac. 741].)

A fatally defective affidavit cannot be amended so as to meet a motion to discharge the writ. (*Winters* v. *Pearson*,

72 Cal. 553, [14 Pac. 304].) And as we are of the opinion that the affidavit in this case is fatally defective, the court should have granted the motion.

The statute requires that the affidavit shall show ''that the attachment is not sought, and the action is not prosecuted, to hinder, delay or defraud any creditor of the defendant.'' (Code Civ. Proc., sec. 538.) The manifest object and purpose of the statute is to require the affidavit to show that the attachment is not sought, and the action is not prosecuted to hinder, delay or defraud any creditor of any defendant against whom the writ may run. In the case at bar there are five defendants, and the writ directs a levy upon any property of the said defendants ''or either of them,'' and the writ was in fact levied upon the property of the corporation defendant and also upon property of appellant.

The affidavit upon which the writ issued stated that ''the attachment is not sought and the action is not prosecuted to hinder, delay or defraud any creditor or creditors of the said defendants.'' This statement would be perfectly true and perjury could not be assigned thereon unless the attachment was sought or the action prosecuted to hinder, delay or defraud a creditor of all the defendants. The purpose to hinder, delay or defraud a creditor of the defendants, or any number less than all, is not negatived by the affidavit.

The affidavit should have stated that the attachment is not sought and the action is not prosecuted to hinder, delay or defraud any creditor of the said defendants, or any creditor of either of said defendants.

We have not been cited to any case where the defect existing in this affidavit has been before the appellate courts of this state, or where the provision of our statute in this regard has been construed. But a similar provision of the attachment law of Texas has been construed by the courts of that state. The statute of that state requires that ''The affidavit shall further state that the attachment is not sued out for the purpose of injuring or harassing the defendant.'' In *Kildare Lumber Co.* v. *Atlanta Bank*, 91 Tex. 95, [41 S. W. 64], upon an appeal from an order refusing to quash an attachment, it was pointed out that an affidavit that ''the attachment now applied for is not sued out for the purpose of injuring or harassing the said defendants,'' there being two

defendants, was not a sufficient compliance with the statute, in that it did not negative a purpose to harass or injure "the defendants or either of them." In the Texas case the court reversed the order of the trial court for another reason, but took pains to clearly lay down the proper form of the affidavit where several defendants are joined in an attachment suit. The defendants were the drawer and acceptor of a bill of exchange.

The order is reversed, and the court is directed to discharge the writ of attachment as against appellant.

Cooper, P. J., and Kerrigan, J., concurred.