ARMSTRONG & COMPANY, PLAINTIFF AND APPELLEE, *v.* IRIZARRY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action of Debt.

No. 2248.—Decided June 17, 1921.

DEBT—ASSUMPSIT—ACCOUNT CURRENT.—In an action of assumpsit on an account the plaintiff is not under obligation to specify the items of the account.

ID.—ATTACHMENT.—When the complaint does not state a cause of action a motion to dissolve a *lis pendens* attachment should be sustained, but not when the complaint is susceptible of amendment.

ID.—ID.—UNKNOWN HEIRS.—An attachment should not be dissolved on the ground that the action is one against a succession whose members are not named when the complaint alleges that the plaintiff does not know who are the heirs. To oblige a plaintiff to ascertain who are the members of a succession, or to petition for administration before he can secure the attachment of properties of unknown heirs, would deprive creditors in many cases of the benefits of the attachment law.

The facts are stated in the opinion.

*Mr. J. Tous Soto* for the appellant.

*Messrs. L. Tormes* and *López de Tord & Zayas Pizarro* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Wilfredo Irizarry y Rodríguez and Juan Bautista Torres, as tutor of the minors Manuel Angel and Marta Beatriz Irizarry y Bracero, moved to quash an attachment and, claim-

ing. to represent the estate of Manuel Irizarry Lugo, appeal 'from an order which reads as follows:

"The court hereby sustains in part the motion of the defendant in this case of March 29, 1920, and therefore annuls the return to the notice of attachment, but not the attachment itself, the plaintiff being authorized to serve the notice of said attachment according to law, if said notice should be legally necessary in this case where only personal property has been attached. See sections 5241 and 5242 of the Compilation of the Revised Statutes and Codes of Porto Rico."

Error is assigned as follows:

"1. The court erred in not setting aside its former order of January 27, 1920, granting the attachment, inasmuch as the complaint does not show the existence and right to demand the obligation declared on.

"2. The court erred in not setting aside the said order of attachment on the ground that the action is against a succession whose component members are not named.

"3. The court erred in not dissolving the said attachment, inasmuch as it was served by the marshal only on the minors Manuel Irizarry, Jr., and Marta Beatriz Irizarry, who do not appear in the complaint as defendants nor have the capacity to accept service.

"4. The court erred in not dissolving the said attachment, which was not served on the tutor of the minors Manuel Angel and Marta Beatriz Irizarry y Bracero appointed by this court, Juan Bautista Torres, nor on the adult heir Wilfredo Irizarry, all designated as such heirs by a judgment of this District Court of Ponce."

The principal ground of the motion below and the point most emphasized in the brief of appellant is that covered by the first assignment.

The complaint in question reads as follows:

"Now come plaintiffs Armstrong & Co. by their undersigned attorney and respectfully allege: 1. That plaintiffs Armstrong & Co. are a partnership legally constituted, with their domicile in Ponce, and Manuel Irizarry y Lugo was of age, merchant and resident of Yauco.—2. That Manuel Irizarry y Lugo, from September 15, 1919,

to February 19, 1920, purchased and received as for cash merchandise from the plaintiffs, having failed to make payment to the plaintiffs of the sum of $534.50, part of the purchase price, which amount has not been paid either wholly or in part to the plaintiffs, nor to any other person authorized by the said plaintiffs, notwithstanding the demand for payment made, and that the said balance is a liquidated and demandable sum.—3. That Manuel Irizarry y Lugo died in Yauco on February 24, instant, the complainants not knowing who are his heirs. Wherefore, we pray the court that in due time and after all legal requirements have been complied with, judgment be rendered sustaining this complaint and thereby ordering the defendant to make payment of the sum of $534.50 as principal to the plaintiffs, with the costs, expenses, disbursements and attorney fees.''

The only authority cited in support of the first assignment is the case of *Rubio* v. *Carrasco,* 26 P. R. R. 224. The action in that case, as pointed out in *Giménez* v. *Alfonso, ante,* page 300, was brought upon the theory of various accounts stated and whatever was then said as to what must be alleged in a suit on an open account may be regarded as *obiter.*

''In assumpsit on an account plaintiff is not required to specify the items thereof.'' 1 C. J. page 652, section 158.

''By statute in many States, plaintiff, in an action on account, must either furnish a list of the items of the account to defendant on demand, or annex a copy of the account to the declaration or complaint, or file it therewith. Under these provisions the items of the account need not be set forth in the body of the complaint.'' *Idem, idem,* section 157.

See also *Farwell* v. *Murrey,* 104 Cal. 464, and other cases cited by counsel for respondents therein.

Section 124 of our Code of Civil Procedure reads as follows:

''It is not necessary for a party to set forth in pleadings the items of an account therein alleged, but he must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The

court or judge thereof may order a further account than the one delivered if it is too general, or is defective in any particular.''

A note to *Collins* v. *Stanley*, 123 Am. St. Rep. 1028, page 1034, contains the following statement of the law as gathered from the decided cases:

''Where the complaint in an action, aided by attachment, fails to state a cause of action, a motion to dissolve the attachment should be granted. This rule was announced in 1785, by the Supreme Court of Pennsylvania (Vienne v. McCarty, 1 Dall. 154, 1 L. ed. 179), and has been uniformly followed ever since. It is clearly based on the sensible theory that an attachment is obtained only for the purpose of securing the eventual satisfaction of the plaintiff's demand, and that if he has a demand, the complaint must contain a statement of the facts which constitute it; hence if it appears from the complaint itself, without reference to facts aliunde, that no cause of action exists, then the attachment must be discharged. This must not be understood as implying that a motion to dissolve may operate as a substitute to a demurrer to the complaint, or that the motion will be granted because a demurrer might properly be sustained. On the other hand, the complaint may be treated as already amended, if amendable; Kohler v. Agassiz, 99 Cal. 9, 33 Pac. 741; Hale Bros. v. Milliken, 142 Cal. 134, 75 Pac. 653; Jends v. Richardson, 71 Fed. 365. The rule stated does not require the court, on a motion to discharge an attachment, to give the same elaborate consideration in determining whether a cause of action is stated as it would on the hearing of a demurrer, but it is 'undoubtedly the duty of the court,' as was said by Mr. Justice O'Brien in Goldmark v. Magnolia Metal Co., 51 N. Y. Supp. 68, 28 App. Div. 264, 'to examine the pleading with a view to seeing if it is frivolous, or so barren of substantial averments that no reasonable arguments can be urged in its support.' In Guarantee S. L. & I. Co. v. Moore, 54 N. Y. Supp. 787, 35 App. Div. 421, Mr. Justice Barrett, in applying this rule, said 'The question then is: Are the plaintiff's papers hopelessly bad?'

　　*　　　*　　　*　　　*　　　*　　　*　　　*

''And when there is any doubt as to whether a cause of action is stated or not, the attachment will be upheld and the question left for determination on demurrer or at the trial. An excellent illustration of this is afforded by the case of Jones v. Hygienic Soap Granu-

lator Co., 110 App. Div. 331, 97 N. Y. Supp. 104, which has often been quoted as authority and followed by the later cases.''

In *Hathaway* v. *Davis*, 33 Cal. 161, decided in October, 1867, we find the following:

''The claim that the complaint does not state a cause of action, and that the attachment should have been dissolved for that reason, can not be sustained. Unless the complaint shows upon its face that the plaintiff has no cause of action with the help of an amendment, the attachment should not be dissolved. If the complaint is defective merely, and can be made good by amendment, the plaintiff should. be allowed to amend before the decision of the motion to dissolve, but if the complaint is incurable the attachment must be dissolved.''

In *Pájaro Valley Bank* v. *Scurich,* 7 Cal. App. Rep. 732, the motion was made under section 556 of the California Code of Civil Procedure for the reason, among others, ''that the writ was improperly and irregularly issued as to appellant in this, that the complaint fails to state a cause of action against appellant'' and the court, although it disposed of the case on other grounds, said:

''Whether or not the court should have granted the motion for this reason it is not necessary for us to decide in this case. It has been held that a motion of this kind cannot be made to take the place of a demurrer, and that if the complaint can be amended so as to state a cause of action upon which an attachment will lie, the motion should be denied. But whether the amendment should be made before the determination of the motion may not be perfectly clear. (See Hale Bros. v. Milliken, 142 Cal. 137, (75 Pac. 653) ; Hathaway v. Davis, 33 Cal. 161; Kohler v. Agassiz, 99 Cal. 9, (33 Pac. 741).''

As pointed out by the Supreme Court of California in the *Kohler Case:*

''The attachment laws of the several states differ in so many particulars, that without the utmost caution in comparing their provisions with our own, we are in constant danger of being led astray, or unduly influenced by decisions apparently in point, but in reality resting upon a different basis.''

The same opinion contains this paragraph:

"We are not called to turn this inquiry into a demurrer to the complaint upon the ground that it is ambiguous, unintelligible, or uncertain, but simple to determine whether: 1. The complaint showed the action to be founded upon contract, express or implied. 2. Whether it states facts sufficient to constitute a cause of action against the defendants; and if not, 3. Does it appear therefrom that it can be so amended as to state a cause of action upon contract. As against a non-resident debtor, these questions being answered in the affirmative, we must not concern ourselves further with the complaint."

And in *Hale Brothers* v. *Milliken* the rule is thus formulated:

"If the complaint sets forth a cause of action upon a contract, express or implied, it can not be attacked for ambiguity or uncertainty, and not even whether it states a cause of action if it appear therefrom that it can be so amended as to state a cause of action upon contract: in other words; the motion can not be turned into a demurrer to the complaint. (Kohler v. Agassiz, 99 Cal. 9.) If we may inquire whether the complaint is capable of amendment in accordance with rules governing amendments, it would seem to follow that such amendment may be made pending the hearing on a motion to dissolve the attachment. So held, we think, in Hathaway v. Davis, 33 Cal. 161; Hammond v. Starr, 79 Cal. 556, and results from what is said in Kohler v. Agassiz, 99 Cal. 9. We may, therefore, consider the complaint as amended, for it in no sense changed the nature of the cause of action."          •

Section 38, Chapter II, Title III, of our Code of Civil Procedure provides that "an action is commenced within the meaning of this title when the complaint is filed."

Sections 1, 2 and 3 of an Act to Secure the Effectiveness of Judgments, approved March 1, 1902, provide that:

"Section 1.—Every person who shall bring an action for the fulfillment of any obligation, may obtain an order from the court having cognizance of the suit providing that the proper measures be taken to secure the effectiveness of the judgment as the case may require it, should it be rendered in his favor.

"Section 2.—The effectiveness of the judgment shall be secured in the following manner:

"*a.*   \*   \*   \*

"*b.* If the obligation be the payment of any sum of money the provisional remedy shall consist of the attachment of sufficient property of the debtor to cover the amount claimed.

"Section 3 *(As amended by Act No. 27 of 1916).*—None of the preceding remedies shall be decreed, unless an action is entered, and a petition praying such remedy is made. The petition praying for any such remedy may be entered when the action is entered or at any stage of the proceedings before final judgments. If security of judgment is prayed for after the same has been rendered no bond shall be required."

In the instant case, not only was the original complaint susceptible of amendment, but a certificate filed by the appellee shows that an amended complaint has been presented and, on motion of the plaintiff, in fact admitted by the court below.

The gist of the argument under the second assignment is contained in the following extract from the brief of the appellant:

"A succession is not a juridical entity; it can not be the subject to rights and obligations, and no action can be brought against it. If the heirs are not known to the plaintiff; if the inheritance has not been accepted, the proper thing to do is to move for the appointment of a judicial administrator. An attachment granted against a succession whose members are unknown is a complete nullity. Arvelo v. Banco, 25 P. R. R. 677.

"Under our laws a succession has no existence as a juridical person. A succession may be made a party plaintiff or defendant, but it must be particularized or individualized by specifying the names of the persons who compose it. It is not a legal entity, independent of the heirs, who constitute it and who should appear as plaintiffs or defendants. In disposing of the case of Dapena v. Estate of Dominicci, on February 14, 1907 (12 P. R. R. 64) this court said that where a complaint is brought against an estate, it should designate

the name of each of the heirs or give some reason to justify the omission and in accord with that doctrine this court in deciding the case of Orcasitas v. Registrar of Property, 21 P. R. R. 523, expressed itself as follows: 'We agree with the registrar that if the citing or summoning of the succession was necessary, the composition of such succession should be made to appear, so that the registrar might determine whether there had been proper process.' "

*Arvelo* v. *Banco* does not hold as intimated by the appellant that "an attachment issued against a succession composed of unknown heirs is an absolute nullity." The question as to whether or not the inheritance has been accepted is discussed and disposed of in *Amy* v. *Aponte, ante,* page 134, and as pointed out in the quotation from the *Arvelo Case, supra,* it was suggested in *Dapena* v. *Dominicci* that "where a complaint is brought against an estate, it should designate the name of each of the heirs or give some reason to justify the ommission."

The complaint herein, filed in Ponce on February 27, 1920, recites the death of Irizarry Lugo as having occurred in Yauco on February 24, and avers that "plaintiff does not know who are his heirs." Section 141 of the Code of Civil Procedure reads as follows:

"Section 141.—When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly."

The exact date upon which plaintiff learned of the death of Irizarry Lugo does not appear, but the complaint was filed in Ponce, the domicil of the plaintiffs, on the second or third day after the date of such death, which occurred in Yauco. The promptness with which the action was instituted does not suggest lack of diligence, and the few hours that intervened between the time when the plaintiffs learned of

the death of their debtor and the suing out of the attachment gave little opportunity for investigation. To require an extended inquiry or a judicial administration in matters of this kind as an indispensable prerequisite to the filing of a suit and issuance of attachment would, in many instances, deprive a creditor of all benefit to be derived from the writ, and the situation disclosed by the facts herein but serve to illustrate the wisdom and salutary effect of article 141 of the Code of Civil Procedure above quoted.

It further appears that on March 9, 1921, an acknowledged natural child, Wilfredo Irizarry y Rodríguez, and Manuel Angel and Marta Beatriz Irizarry y Bracero were decreed to be the heirs of Manuel Irizarry y Lugo, deceased; and we may note, in passing, as a curious circumstance, that the certified copy of this decree contains a finding to the effect that the death of Irizarry y Lugo occurred, not on February 24th as stated in the complaint herein, but on February 25, 1920. By another order or decree, likewise dated March 9, 1920, Juan Bautista Torres was named as tutor of the minors Manuel Angel and Marta Beatriz, but he did not qualify as such until March 24, 1920.

In the circumstances, and in the absence of any citation of authority in support of the contention suggested by the 3rd and 4th assignments, the questions so sought to be raised do not demand serious consideration.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.