Armstrong & Co., Demandante y Apelada, *v.* Irizarry, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre cobro de dinero.

No. 2248.—Resuelto en junio 17, 1921.

Embargo para Aseguramiento de Sentencia—Nulidad de Embargo—Cuenta Corriente.—En una acción basada en una promesa o pacto verbal (*assumpsit*) sobre una cuenta, el demandante no está obligado a especificar las partidas de la misma.

Id.—Id.—Cuando la demanda no determina una causa de acción debe declararse con lugar una moción para anular el embargo practicado para aseguramiento de sentencia, pero no así cuando la demanda es susceptible de ser enmendada.

Id.—Id.—Sucesión Desconocida—Embargo contra Sucesión Desconocida.—No procede anular un embargo por el fundamento de que se demanda a una sucesión sin expresar quiénes son sus componentes, cuando en la demanda se alega que la demandante no sabe quiénes son los herederos. Exigir que un demandante investigue qué personas integran una sucesión o que pida una administración judicial como requisito previo para poder obtener embargo contra una sucesión desconocida, privaría en muchos casos a los acreedores de los beneficios de la ley sobre aseguramiento de sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Tous Soto.*

Abogados de la apelada: *Sres. L. Tormes, López de Tord & Zayas Pizarro.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

Wilfredo Irizarry y Rodríguez y Juan Bautista Torres como tutor de los menores Manuel Angel y Marta Beatriz Irizarry y Bracero solicitaron se declarara nulo un embargo, y alegando representar a la Sucesión de Manuel Irizarry Lugo apelan de la siguiente resolución:

"La corte por la presente declara con lugar en parte la moción de la demandada en este caso, de fecha 29 de marzo de 1920, y en consecuencia anula la diligencia de notificación de embargo, pero no el embargo, concediéndose permiso al demandante para hacer la notificación de dicho embargo en forma legal, si dicha notificación fuere legalmente necesaria en este caso, en que sólo han sido embargados bienes muebles, (véase la sección 5242 comparándola con la 5241,)

ambas de la compilación de los Estatutos Revisados y Códigos de Puerto Rico.''

Los siguientes errores han sido alegados por el apelante:

''1. La corte erró al no anular su orden anterior de 27 de enero de 1920 (folio 7), decretando el embargo, porque de la demanda no resulta la existencia y exigibilidad de la obligación reclamada.

''2. La corte erró al no anular dicha orden de embargo por el fundamento de que se demanda a una sucesión, sin exponer quiénes son sus miembros componentes.

''3. La corte erró al no dejar sin efecto dicho embargo toda vez que el marshal lo notificó solamente a los menores Manuel Irizarry, Jr., y Marta Beatriz Irizarry, quienes no constan como demandantes en la demanda, ni tenían capacidad para recibir notificación.

''4. La corte erró al no dejar sin efecto dicho embargo que no fué notificado al tutor de los menores, Manuel Angel y Marta Beatriz Irizarry y Bracero, designada por esta honorable corte, Juan Bautista Torres (folio 11), ni al heredero mayor de edad, Wilfredo Irizarry, declarados todos tales herederos por sentencia de la Corte de Distrito de Ponce.'' (folio 9).

El fundamento principal de la moción presentada en la corte inferior y el punto en que más se ha insistido en el alegato del apelante es el comprendido en el primer señalamiento de error.

La demanda en cuestión es como sigue:

''Comparece la demandante Armstrong & Co. por su abogado que suscribe y respetuosamente se querella y alega:—1. Que la demandante Armstrong & Co., es una sociedad legalmente constituída, con domicilio en Ponce, y Manuel Irizarry y Lugo era mayor de edad, comerciante y vecino de Yauco.—2. Que Manuel Irizarry y Lugo, desde septiembre 15 de 1919, hasta febrero 19 de 1920, compró y recibió como de contado provisiones varias de la demandante y del precio de las mismas dejó de pagar a la actora la suma de $534.50, que no ha pagado en todo ni en parte, ni a la actora ni a ninguna otra persona autorizada por la misma, no obstante haber sido requerido para ello, y ser líquido y exigible dicho saldo.—3. Que Manuel Irizarry Lugo falleció en Yauco el día 24 de febrero corriente y la demandante desconoce quiénes son sus herederos.—Por todo lo alegado a la honorable corte suplicamos que en su día y previos los

trámites de ley, dicte una sentencia declarando con lugar la demanda y por ella condene al demandado al pago de $534.50 de principal a la demandante, más las costas, gastos, desembolsos y honorarios de abogado.''

La única autoridad citada para sostener el primer señalamiento de error es el caso de *E. Rubio e Hijos* v. *Carrasco,* 26 D. P. R. 255. En ese caso, como se indica en el de *Giménez* v. *Alfonso,* resuelto en abril 8, 1921, la acción fué establecida basada en la teoría de varias cuentas liquidadas y todo lo que entonces se dijo respecto a lo que debe alegarse en una acción fundada en una cuenta abierta puede considerarse como dicho en el curso de la discusión (*obiter*).

''En una acción basada en una promesa o pacto verbal (*assumpsit*) sobre una cuenta el demandante no está obligado a especificar las partidas de la misma.'' 1 C. J. pág. 652, sección 158.

''Según el estatuto, en muchos Estados el demandante en una acción basada en una cuenta, o debe presentar una relación de las partidas de la cuenta al solicitarla el demandado, o agregar una copia de la cuenta a la demanda, o radicarla con ella. De acuerdo con estas disposiciones las partidas de la cuenta no tienen que ser presentadas en el cuerpo de la demanda.'' *Idem, idem,* sec. 157.

Véase también el caso de *Farwell* v. *Murray,* 104 Cal. 464, y otros citados en el mismo por el abogado de los demandados.

El artículo 124 de nuestro Código de Enjuiciamiento Civil prescribe lo siguiente:

''En las alegaciones no es necesario que la parte que alegue la existencia de alguna cuenta, detalle las partidas de ésta, pero deberá entregar a la parte contraria, dentro de los diez días de haberla pedido por escrito, una copia de dicha cuenta, requisito sin el cual quedará imposibilitada de presentar prueba en apoyo de la misma. La corte o juez podrá disponer la presentación de otra cuenta además de la presentada, si éste fuere demasiado general o resultare defectuosa en alguno de sus particulares.''

La nota al caso de *Collins* v. *Stanley,* 123 Am. St. Rep.

1025, página 1034 contiene la siguiente exposición de la ley como ha sido tomada de los casos resueltos, a saber:

"Cuando la demanda en una acción protegida por embargo no determina una causa de acción debe concederse la moción para anular el embargo. Esta regla fué enunciada en el año 1785 por la Corte Suprema de Pennsylvania (*Vienne* v. *McCarty*, 1 Dall. 154, 1 L. ed. 179), y ha sido observada uniformemente desde entonces. Se funda claramente en la lógica teoría de que un embargo se obtiene solamente con el fin de asegurar el pago que pueda ordenarse de la reclamación del demandante, y que si tiene una reclamación, la demanda debe contener una relación de los hechos que la determinan; por tanto, si aparece de la demanda misma sin hacerse referencia a los hechos *aliunde* que no existe causa de acción, el embargo entonces deberá ser anulado. Esto no debe entenderse en el sentido de significar que una moción para anular un embargo produzca el efecto de substituir la excepción previa a la demanda, o que la moción será concedida porque la excepción previa podría ser debidamente declarada con lugar. Por otra párte la demanda puede considerarse como ya enmendada, de poderlo ser; *Kohler* v. *Agassiz*, 99 Cal. 9, 35 Pac. 741; *Hale Bros.* v. *Milliken*, 142 Cal. 134, 75 Pac. 653; *Jends* v. *Richardson*, 71 Fed. 365. La regla expuesta no exige a la corte que en una moción para anular un embargo dé a la misma cuidadosa consideración al resolver si se ha determinado una causa de acción como lo haría en la vista de una excepción previa, pero 'indudablemente es el deber de la corte,' como dijo el Juez Sr. O'Brien en el caso de *Goldmark* v. *Magnolia Metal Co.*, 51 N. Y. Sup. 68, 28 App. Div. 264, 'examinar la alegación con el objeto de ver si es frívola o si está tan desprovista de alegaciones esenciales que no puedan alegarse motivos razonables en su apoyo.' En el caso *Guarantee S. L. & I. Co.* v. *Moore*, 54 N. Y. Supp. 787, 35 App. Div. 421, el Juez Sr. Barrett, al aplicar esta regla dijo: 'La cuestión es entonces: ¿Son los documentos del demandante malos irremediablemente?'

*      *      *      *      *      *      *

"Y cuando existe alguna duda de si se ha determinado o no una causa de acción, el embargo será mantenido y la cuestión quedará para resolverse por excepción previa o en el juicio. Un ejemplo excelente de esto es el que proporciona el caso de *Jones* v. *Hygenic Soap Granulator Co.*, 110 App. Div. 331, 97 N. Y. Sup. 104, el cual

a menudo ha sido citado como autoridad y observado por los casos posteriores.''

En el caso de *Hathway* v. *Davis,* 33 Cal. 161, resuelto en octubre, 1867, encontramos lo siguiente:

"La alegación de que la demanda no determina una causa de acción y que el embargo debió haber sido disuelto por tal razón no puede sostenerse. A menos que la demanda muestre de su faz que el demandante no tiene causa de acción con ayuda de una enmienda, el embargo no deberá anularse. Si la demanda es defectuosa meramente y puede corregirse mediante enmienda, deberá permitirse al demandante que la enmiende antes de resolverse la moción para anular, pero si la demanda no tiene remedio el embargo deberá anularse.''

En el caso de *Pájaro Valley Bank* v. *Scurich,* 7 Cal. App. Rep. 732, la moción se presentó de acuerdo con la sección 556 del Código de Enjuiciamiento Civil de California, por el fundamento, entre otros, "de que el mandamiento fué indebida e irregularmente expedido en cuanto al apelante, en este particular, que la demanda no determina una causa de acción contra el apelante,'' y la corte, si bien resolvió el caso por otros motivos, dijo lo siguiente:

"No es necesario que resolvamos en este caso si la corte debió o no haber concedido la moción por esta razón. Se ha resuelto que una moción como ésta no puede hacerse en substitución de una excepción previa, y que si la demanda puede enmendarse de modo que exprese una causa de acción por lo que proceda un embargo, la moción debe ser denegada. Pero si la enmienda debe hacerse antes de la resolución de la moción puede no ser perfectamente claro. (Véanse los casos de *Hale Bros.* v: *Milliken,* 142 Cal. 137 (75 Pac. 653); *Hathway* v. *Davis,* 33 Cal. 161; *Kohler* v. *Agassiz,* 99 Cal. 9 (33 Pac. 741).

Como ha indicado la Corte Suprema de California en el caso de Kohler—

"Las leyes de embargos de los varios Estados difieren en tantos particulares que de no tener el mayor cuidado al comparar sus dis-

posiciones con la nuestra, estamos en constante peligro de desviarnos por completo, o estar indebidamente influídos por decisiones que al parecer son de aplicación pero que en realidad descansan sobre base distinta.''

La misma opinión contiene el siguiente párrafo:

''No estamos llamados a convertir esta pesquisa en una excepción previa a la demanda por el fundamento de que es ambigua, ininteligible o dudosa, sino resolver simplemente: 1. Si la demanda mostró que la acción se fundaba en un contrato, expreso o tácito. 2. Si determina hechos suficientes para constituir una causa de acción contra los demandados; y de no ser así. 3. Aparece de la misma que puede ser enmendada de tal modo que determine una causa de acción por virtud de un contrato. En cuanto a un deudor no residente, contestadas estas preguntas afirmativamente, no debemos ocuparnos más de la demanda.''

Y en el caso de *Hale Brothers* v. *Milliken,* la regla ha sido formulada así:

''Si la demanda determina una causa de acción por virtud de un contrato, expreso o tácito, no puede ser atacada por ambigua o dudosa y ni siquiera si no determina una causa de acción si de ella aparece que puede ser enmendada de tal modo que determine una causa de acción por virtud de un contrato; en otras palabras, la moción no puede quedar convertida en una excepción previa a la demanda. (*Kohler* v. *Agassiz,* 99 Cal 9). Si podemos indagar si la demanda es susceptible de enmienda de acuerdo con las reglas que regulan las enmiendas, parece inferirse que tal enmienda puede hacerse estando pendiente la vista de una moción para anular el embargo. Creemos que así se resolvió en *Hathway* v. *Davis,* 33 Cal. 161; *Hammond* v. *Starr,* 79 Cal. 556, y resulta de lo dicho en *Kohler* v. *Agassiz,* 99 Cal. 9. Debemos, por tanto considerar la demanda como enmendada pues en manera alguna cambió la naturaleza de la causa de acción.''

El artículo 38, Capítulo II, Título III, de nuestro Código de ·Enjuiciamiento Civil prescribe que ''se da principio a una acción dentro del significado de este título, cuando se presenta la demanda.''

Los artículos 1, 2 y 3 de una Ley para Asegurar la Efec-

tividad de las sentencias, aprobada en marzo 1, 1902, pres-
cribe lo siguiente:

"Sección 1.—Toda persona que demandare en juicio el cumpli-
miento de una obligación, podrá obtener una resolución del tribunal
que conociere de la demanda, adoptando las medidas procedentes,
según los casos, para asegurar la efectividad de la sentencia que haya
de dictarse en el caso de prosperar la acción ejercitada.

"Sección 2.—El aseguramiento de la sentencia se ajustará a las
reglas siguientes:

" '*a*. * * *

" '*b*. Si la obligación fuere de pagar una suma de dinero, el
aseguramiento consistirá en el .embargo de bienes bastantes del deu-
dor para responder de las sumas reclamadas.

" 'Sección 3.—Ningún aseguramiento de sentencia podrá decre-
tarse sin la presentación de la correspondiente demanda y de la soli-
citud de aseguramiento, con expresión de sus fundamentos de hecho
y de derecho. La solicitud de aseguramiento podrá presentarse con
la demanda o luego de interpuesta, en cualquier período del juicio,
antes de sentencia firme.' ''

En el presente caso no solamente era susceptible la pri-
mitiva demanda de poder ser enmendada sino que de la cer-
tificación presentada por el apelado aparece que se ha pre-
sentado una demanda enmendada y en realidad a moción
del demandante fué admitida por la corte inferior.

El punto esencial de la argumentación que se hace en el
segundo señalamiento de error está contenido en la siguiente
cita del alegato del apelante:

"La sucesión no es persona jurídica: no puede ser sujeto de
derechos y obligaciones, no puede ejercitarse contra ella una acción.
Si el demandante no conoce a los herederos; si la herencia no ha
sido aceptada, lo procedente es que solicite el nombramiento de un
administrador judicial. Un embargo decretado contra una sucesión
de herederos desconocidos, es una nulidad completa; *Arvelo* v. *Banco,
Territorial y Agrícola*, 25 D. P. R. 728, donde se dijo lo siguiente:

" 'La sucesión como persona jurídica no existe en nuestro dere-
cho. Cabe que una sucesión sea parte demandante o demandada;
pero para ello es necesario que se particularice e individualice expre-

sando los miembros que la componen. No es una entidad legal independiente de los herederos. Estos son los que la determinan, y son los que deben aparecer como demandantes o demandados. Al resolver el caso de *Dapena* v. *Sucesión Dominicci*, 12 D. P. R. 66, dijo esta corte que cuando la demanda se dirige contra una sucesión debe expresarse el nombre de cada uno de los herederos o darse alguna razón que justifique la omisión del dicho requisito; y congruente con esta doctrina, al resolver el caso de *Orcasitas* v. *El Registrador*, 21 D. P. R. 553, se expresó en los términos siguientes:

" 'Estamos de acuerdo con el registrador en que si era necesaria la notificación o citación a la indicada sucesión, debió haberse hecho constar quiénes la componían, con el objeto de que dicho registrador pudiera determinar si dicha notificación fué hecha en forma adecuada.' "

En el caso de *Arvelo* v. *Banco Territorial* no se resuelve como sugiere el apelante que "un embargo decretado contra una sucesión de herederos desconocidos, es una nulidad completa." La cuestión de si la herencia ha sido o no aceptada se discute y resuelve en el caso de *Amy* v. *Aponte,* resuelto en febrero 25, 1921, (página 145), y como se indica en el caso de *Arvelo, supra,* se sugirió en el de *Dapena* v. *Dominicci* que "cuando la demanda se dirige contra una sucesión, debe expresarse el nombre de cada uno de los herederos o darse alguna razón que justifique la omisión del dicho requisito."

La demanda en este caso que fué radicada en Ponce en febrero 27, 1920, expresa que el fallecimiento de Irizarry Lugo tuvo lugar en Yauco en febrero 24, y alega que la "demandante desconoce quiénes son sus herederos." El artículo 141 del Código de Enjuiciamiento Civil prescribe lo siguiente:

"Artículo 141.—Cuando el demandante ignore el nombre de un demandado, deberá hacer constar este hecho en la demanda, pudiendo designar a dicho demandado, en cualquier alegación o procedimiento con un nombre cualquiera, y al descubrirse el verdadero nombre, hará la enmienda correspondiente en la alegación o procedimiento."

La fecha exacta en que la demandante se enteró del fallecimiento de Irizarry Lugo no consta, pero la demanda fué radicada en Ponce, domicilio de los demandantes, en el segundo o tercero día después de la fecha de tal fallecimiento que ocurrió en Yauco. La prontitud con que la acción fué establecida no sugiere falta de diligencia, y las pocas horas que pasaron desde que los demandantes se enteraron de la muerte de su deudor y la expedición del embargo dieron poca oportunidad para investigación. Exigir una investigación amplia o una administración judicial en cuestiones como ésta como requisito previo indispensable a la presentación de una demanda y expedición de embargo en muchos casos privaría a un acreedor de todo beneficio que pueda recibir del mandamiento y la situación revelada por los hechos de este caso sólo sirven para poner de relieve la sabiduría y efecto saludable del artículo 141 del Código de Enjuiciamiento Civil.

Aparece además que en marzo 9, 1921, un hijo natural reconocido, Wilfredo Irizarry y Rodríguez y Manuel Angel y Marta Beatriz Irizarry y Bracero, fueron declarados herederos de Manuel Irizarry y Lugo, fallecido; y debemos observar de paso como circunstancia curiosa, que la copia certificada de este decreto contiene una declaración al efecto de que la muerte de Irizarry Lugo tuvo lugar, no en febrero 24, como se dice en la demanda de este caso, sino en febrero 25, 1920. Por otra orden o decreto que asimismo lleva fecha de marzo 9, 1920, fué nombrado Juan Bautista Torres tutor de los menores Manuel Angel y Beatriz, pero no entró en funciones hasta marzo 24, 1920.

En vista de las circunstancias y en ausencia de citas de autoridades en apoyo de la contención sugerida en los señalamientos 3º. y 4º., las cuestiones que de tal modo se han tratado de levantar no requieren seria consideración.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.